**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **MARIO ROSALES, ET AL** | **CIVIL ACTION NO: 1:22-CV-5838** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **JOHN LEWIS, ET AL** | **MAGISTRATE JUDGE PEREZ-MONTES** |

**MEMORANDUM IN SUPPORT OF MOTION TO STAY**

**NOW INTO COURT**, through undersigned counsel, comes Defendant, JIM LEWIS, who respectfully submits the following in support of the Motion to Stay:

**I.     FACTS**

On November 1, 2022, Mario Rosales and Gracie Lasyone filed their Complaint arising from a series of events that occurred on or about June 15, 2022. [Doc. 1].  Within that Complaint, Rosales and Lasyone allege that Rosales was stopped while driving in Alexandria, while Lasyone was a passenger in his vehicle, on June 15, 2022.  They allege that the stop constituted an unreasonable seizure in violation of the Plaintiffs' Fourth Amendment rights, that an accompanying search (or searches) was also in violation of the Fourth Amendment, and that their First Amendment right to record the interaction was also violated.  They brought these claims against Jim Lewis, along with fellow officer Samuel Terrell, Chief Ronney Howard, and the City of Alexandria in their various individual and official capacities.

On or about August 4, 2023, Lewis was arrested upon information and belief, on charges of Malfeasance in Office and Injury to Public Records. (See Docket Information, attached hereto as Exhibit 1). Upon information and belief, on or about August 25, 2023, Lewis, through his criminal defense attorney S. Christie Smith, filed a Motion for Preliminary Exam.  (See Criminal Proceeding

Documentation, attached hereto as Exhibit 2).  That Preliminary Exam is scheduled for September 25, 2023.  Upon information and belief, the criminal charge(s) against Lewis remain unresolved.

On or about August 9, 2023, the Plaintiffs propounded discovery upon all Defendants, including Lewis, requesting information and records concerning the August 4, 2023 arrest.  (See Plaintiffs' Second Set of Requests for Production to Certain Defendants, attached hereto as Exhibit 3).  By agreement between counsel for the parties, an extension to respond to that discovery was given by the Plaintiffs until September 22, 2023.

On September 21, 2023, a Motion to Withdraw and Substitute Counsel of Record was filed herein, seeking to substitute Misty Antoon as counsel for the City, Chief Howard, and Officer Terrell. [Doc. 33].  Pursuant to said Motion to Substitute, and moving forward, the undersigned will solely represent Jim Lewis.  Lewis invokes his constitutional rights under the Fifth Amendment in response to the Plaintiffs' Second Set of Requests for Production to Certain Defendants, as well as any future discovery directed at facts and issues concerning the on-going criminal charges.  Allowing this matter to proceed, especially in light of upcoming litigation deadlines, places an undue burden on Lewis, as continuing with this matter, particularly discovery, will materially affect his constitutional rights under the Fifth Amendment in his criminal case.  Accordingly, Lewis moves that this matter be stayed during the pendency of the prosecution against Lewis, with the parties allowed to conduct whatever discovery and motion practice may be necessary once said stay is lifted.

## II.    LAW AND ARGUMENT

In Chamberlain v. Baxter, 2022 WL 831228, at *1 (N.D. Miss. 3/18/22), the court of the Northern District of Mississippi provided the most recent recitation of the law of the Fifth Circuit relative to granting a stay of a civil matter where a parallel criminal proceeding is in play, finding:

> The decision whether ... to stay civil litigation in deference to parallel criminal proceedings is discretionary.  A district court's discretionary authority to stay proceedings stems from its inherent authority to control the disposition of the cases on its own docket "with economy of time and effort for itself, for counsel, and for litigants."
>
> "It 'is the rule, rather than the exception' that civil and criminal cases proceed together."  Further, "[t]he granting of a stay of civil proceedings due to pending criminal investigation is an extraordinary remedy, not to be granted lightly.' "  It is the burden of the party seeking the stay to overcome the "strong presumption in favor of discovery" and demonstrate why a stay is warranted.  A district court should stay the civil case only upon a showing of "special circumstances," so as to prevent the defendant from suffering substantial and irreparable prejudice.
>
> District courts consider the following factors to evaluate whether a stay is warranted: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously, weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest.
> (Internal citations omitted).

Pertinent here, "Courts have found special circumstances where a defendant attempts to preserve his Fifth Amendment right against self-incrimination and resolve 'the conflict he would face between asserting this right and defending the civil action." Volter-Jones v. City of Austin, 2023 WL 3910341 (W.D. Tex. 2023).  While the facts and circumstances of the instant matter involving the Plaintiffs is not being prosecuted, the Plaintiffs intend to seek, and have already sought, discovery on that arrest, triggering the same Fifth Amendment concerns as detailed herein.

Discussing the choices available to a defendant in Lewis' position, the Court in United Auto. Ins. v. Veluchamy, 2010 WL 749980 (N.D. Ill. 2010) found, "One either asserts the Fifth Amendment or responds to proper discovery or seeks a stay of the case so that one is not obligated to either respond to the complaint or to the discovery requests."  There, the defendant did not assert the Fifth Amendment in response to discovery, but instead, "only alluded to a 'potential' Fifth

Amendment objection." Id. at *1. "The appropriate way for a party in civil litigation to avoid the dilemma posed by being asked to respond to discovery is to seek a stay of the proceedings so as not to have to answer a complaint and failing that, to assert the Fifth Amendment in an answer. . . and then to seek a stay of discovery." Id. at *2. Here, Lewis was arrested after he filed his Answer, and these discovery responses are the first instance in which he faces the dilemma between aiding his defense here, and forfeiting his right against self-incrimination, or maintaining that right, but sacrificing his defense of this matter to an adverse inference based on his invocation of the right. Accordingly, he seeks to stay this matter during the pendency of his criminal prosecution.

Applying the six factors detailed above weighs in favor of the requested stay. The first factor looks to the extent of the overlap between the issues in the criminal case and those presented in the civil case. While Lewis was not arrested for the incident which forms the basis of the Plaintiffs' suit, the necessary overlap is established by the Plaintiffs' discovery requests. By asking about the circumstances of the underlying events which led to Lewis' arrest, the Plaintiffs themselves have tacitly asserted an overlap between the two cases. One imagines that if the Plaintiffs did not believe the arrest to be relevant, they would not have asked about it in discovery. Further, facts of both cases are likely to overlap, including issues involving Lewis' training and history as an officer. Lewis avers that the overlap between the two cases is sufficient to warrant a stay at this time.

The second factor–status of the criminal case–provides little weight either for or against the requested stay. Upon information and belief, Lewis has been charged, but not yet indicted. It is anticipated that the upcoming Preliminary Examination will determine whether the charges at issue continue forward to an indictment. The status of the criminal case will remain in flux, at least pending the outcome of that hearing.

The third factor–the private interest of the plaintiffs in proceeding expeditiously, weight

against the prejudice to the plaintiffs caused by the delay–is minimal here and weighs in favor of the requested stay. Though these Plaintiffs, like all other plaintiffs, have a valid interest in proceeding with their claims, recall that this issue is entirely one of the Plaintiffs' making. Though Lewis might argue that his arrest is of dubious relevance to the Plaintiffs' claims, the Plaintiffs themselves clearly would not agree, as evidenced by their discovery seeking documents related to that arrest and underlying incident. Thus, the Plaintiffs' interest in moving forward quickly should be considered in light of their additional interest in having their discovery requests fully responded to. Further, "when evaluating this factor, 'courts may require a plaintiff to establish more prejudice than simply a delay in its right to expeditiously pursue his claim'." Volter-Jones, 2023 WL 3910341, at *3. Here, no evidence will be lost, no extra expenses incurred, and no damage done to the Plaintiffs' case if they are required to wait to pursue their suit in order to preserve Lewis' rights under the Fifth Amendment.

The fourth factor–private interests of and burden on the defendant–weighs in favor of the requested stay. It is anticipated that the City Defendants will be filing their own Motion requesting a stay of discovery herein. Further, to the extent that the stay is not granted, and Lewis is forced to continually assert his rights under the Fifth Amendment, the City Defendants will be forced to defend the claims against them without access to Lewis, one of the City's agents and source of potential liability, a burden that may be avoided only with a stay. Accordingly, all Defendants' interests appear to be aligned here.

The fifth factor–the interests of the Courts–weighs in favor of the requested stay. Though Courts typically, "have an interest in moving its docket along" it is also usually the case that, "granting a stay 'serves the interests of the courts, because conducting the criminal proceedings first advances judicial economy." Id. Additionally, granting the requested stay is likely to lead to less

litigation surrounding Lewis' contribution to discovery, again promoting judicial economy.

The final factor–the public interest–weighs in favor of a stay.  "The sixth factor typically weighs against the grant of a stay only where, unlike here, a civil case is pending and no criminal investigation has begun." Id. (citing DeSilva v. Taylor, 2022 WL 545063 (W.D. Tex. 2022).  Here, Lewis has been already been charged, and this final factor suggests a stay is appropriate.

Taken together, the factors support the requested stay.  The Plaintiffs have propounded discovery expressly seeking information relative to the pending criminal matter.  Though they are likely to argue that the overlap of the criminal matter with their civil suit is insufficient to support a stay, that position is undermined by their own discovery requests. If there is no overlap, how can the requested information be relevant or discoverable in this matter?  Once this overlap is recognized, it becomes clear that the requested stay is the only method by which the rights and interests of all parties, the public, and the Court can be harmonized.  Without the requested stay, Lewis will be forced to choose, essentially, between defending this civil suit and defending himself in criminal court.  No articulable interest justifies placing him in that position when it can be avoided by a simple stay.  Accordingly, the requested stay should be granted, with this matter continuing upon the lifting of that stay at the conclusion of any criminal proceedings.

## III.    CONCLUSION

For the reasons detailed above, Lewis moves this Court to issue a stay of this matter, during the pendency of any criminal prosecution against Lewis.

Respectfully Submitted:

**PROVOSTY, SADLER & deLAUNAY, APC**

By:/s/ H. Bradford Calvit
H. BRADFORD CALVIT (#18158)
bcalvit@provosty.com
ELI J. MEAUX (#33981)
emeaux@provosty.com
934 Third Street, Suite 800 (71301)
P.O. Box 13530
Alexandria, LA 71315-3530
P: 318/767-3133   F: 318/767-9588
ATTORNEYS FOR DEFENDANT,
JIM LEWIS

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 22nd day of September, 2023, I electronically filed the MEMORANDUM IN SUPPORT OF MOTION TO STAY with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to the following:

| | |
|---|---|
| Joseph P. Beck, III<br>Law Offices of Joe Beck<br>P.O. Box 6<br>Ball, LA 71405<br>Email: joe@joebecklaw.com | Marie Miller<br>Institute for Justice (AZ)<br>398 S. Mill Avenue, Suite 301<br>Tempe, AZ 85281<br>Email: mmiller@ij.org |
| Anna Bidwell<br>Patrick M. Jaicomo<br>Institute for Justice<br>901 N. Glebe Road, Ste. 900<br>Arlington, VA 22203<br>Email: abidwell@ij.org<br>Email: pjaicomo@ij.org | John C. Nickelson<br>Heidi Kemple Martin<br>Nickelson Law<br>7591 Fern Avenue, Suite 1403<br>Shreveport, LA 71105<br>Email: john.nickelson@nickelsonlaw.com<br>Email: heidi.martin@nickelsonlaw.com |

I further certify that I have forwarded the foregoing document via facsimile and/or first-class mail and CMRRR to the following non-CM/ECF participants:

/s/ H. Bradford Calvit
H. BRADFORD CALVIT