# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# ALEXANDRIA DIVISION

| | |
|---|---|
| MARIO ROSALES and GRACIE LASYONE, | |
| *Plaintiffs*, | Civil Case No. 1:22-cv-5838 |
| v. | Judge: Terry A. Doughty |
| JIM LEWIS and SAMUEL TERRELL, sued in their individual and official capacities; RONNEY HOWARD, sued in his official capacity; and the CITY OF ALEXANDRIA, LOUISIANA, | Magistrate Judge: Joseph H. L. Perez-Montes |
| *Defendants*. | |

---

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF
## UNOPPOSED MOTION FOR RECONSIDERATION OF STAY ORDER

---

Marie Miller*
IN Bar No. 34591-53

INSTITUTE FOR JUSTICE
398 S. Mill Ave. Ste. 301
Tempe, AZ 85281
(480) 557-8300
mmiller@ij.org

Patrick Jaicomo*
MI Bar No. P-75705

Anya Bidwell*
TX Bar No. 24101516

INSTITUTE FOR JUSTICE
901 N. Glebe Rd., Suite 900
Arlington, VA 22203
(703) 682-9320
pjaicomo@ij.org
abidwell@ij.org
*Admitted *pro hac vice*

*Lead Counsel for Plaintiffs*

Joseph P. Beck, III
Bar Roll No. 28312

LAW OFFICES OF JOE BECK
5529 Monroe Hwy.
Ball, LA 71405
Tel.: (318) 640-9202
Fax: (318) 640-9203
joe@joebecklaw.com

*Local Counsel for Plaintiffs*

**TABLE OF CONTENTS**

**Page**

Table of Authorities ...............................................................................................ii

Introduction ....................................................................................................... 1

Argument ............................................................................................................2

I.     Defendants have already unnecessarily prolonged discovery..........................3

II.    Defendant Lewis has not met the stringent requirements to
       justify a stay of proceedings. ...........................................................................4

       A.    There is no substantial overlap between the issues here
             and anypotential criminal case against Defendant Lewis. ...................5

       B.    Defendant Lewis has not yet been indicted, a fact that
             weighs heavily against granting a stay.................................................7

       C.    Plaintiffs have a strong interest in moving forward with
             this case, which has been pending for nearly a year. ...........................8

       D.    Defendant Lewis and the City of Alexandria will face only
             minimal burdens if this case proceeds while the criminal
             matter is pending. ...............................................................................9

       E.    The interests of judicial economy weigh against a stay. .....................10

       F.    The public interest weighs against a stay...........................................11

III.   Even if this Court does not vacate the stay, it should modify it to
       allow discovery to proceed against the other Defendants. ...........................12

Conclusion.........................................................................................................13

# TABLE OF AUTHORITIES

**CASES**                                                                                           **Page(s)**

*Alcala v. Webb County*,
  625 F. Supp. 2d 391 (S.D. Tex. May 1, 2009) ......................................... 6, 8, 10, 11

*D'Angelo v. Pintado*,
  No. CIV.A. 09-3667, 2009 WL 4642009
  (E.D. La. Dec. 2, 2009) ...................................................................................... 9

*DeSilva v. Taylor*,
  No. 1:21-CV-00129-RP, 2022 WL 545063
  (W.D. Tex. Feb. 23, 2022) ............................................................................ 5, 11

*Kinnie Ma Individual Ret. Acct. v. Ascendant Cap., LLC*,
  No. 1:19-CV-01050-RP, 2023 WL 5417142
  (W.D. Tex. Aug. 21, 2023) ................................................................................. 5

*Lodge v. Doe*,
  No. CIV.A. 11-1257, 2012 WL 3138020
  (E.D. La. Aug. 1, 2012) ...................................................................................... 7

*Sec. & Exch. Comm'n v. Kelly*,
  No. 3:04-CV-2098-M, 2006 WL 8437214
  (N.D. Tex. Mar. 9, 2006) .................................................................................... 7

*Sec. & Exch. Comm'n v. Mueller*,
  No. 21-CV-00785-XR, 2022 WL 818678
  (W.D. Tex. Mar. 17, 2022). ............................................................................. 4, 5

*Tajonera v. Black Elk Energy Offshore Operations, LLC*,
  No. CV 13-0366, 2015 WL 13227930
  (E.D. La. Dec. 4, 2015)....................................................................................... 4

*Toshiba Int'l Corp. v. D'Agostino*,
  No. CV H-19-4274, 2020 WL 13413329
  (S.D. Tex. May 21, 2020) .............................................................................. 6, 7, 9

*Volter-Jones v. City of Austin*,
  No. 1:22-CV-00511-RP, 2023 WL 3910341
  (W.D. Tex. June 8, 2023). .................................................................................. 6

*Vote.org v. Callanen,*
   609 F. Supp. 3d 515 (W.D. Tex. 2022) ...................................................................... 12

*Whitfield v. Riley,*
   No. CIV.A. 09-1877, 2009 WL 1269243
   (E.D. La. May 6, 2009) ............................................................................................ 9, 12

**RULES**

Fed. R. Civ. P. 26(b) ................................................................................................. 7

## INTRODUCTION

On September 22, Defendant Jim Lewis moved to stay all proceedings in this civil case pending the outcome of unrelated criminal proceedings against him. Plaintiffs' deadline to respond to that motion is today, October 13. But on October 2, this Court entered an order granting Defendant Lewis's motion. As a result, Plaintiffs respond to Defendant Lewis's motion with this motion for reconsideration of the stay order.

Plaintiffs have conferred with counsel for Defendant Lewis and the other defendants, and their counsel have stated that Defendant Lewis does *not* oppose this motion, nor do the other defendants oppose it.

As explained below, Defendant Lewis did not satisfy the stringent requirements for granting a stay at this late stage in discovery—discovery that has already been needlessly prolonged by Defendants' dilatory tactics. Defendant Lewis would not be meaningfully prejudiced in either case by allowing discovery to proceed. That is because Defendant Lewis has not yet been indicted, and the potential criminal charges he faces did not arise from the same events as this civil case. In contrast, Plaintiffs, this Court, and the public have a strong interest in seeing this civil-rights case—filed nearly a year ago—resolved expeditiously.

This Court should thus vacate its order granting the stay and allow this case to proceed. Alternatively, if this Court believes that a stay is justified as to Defendant Lewis, this Court should modify its order to stay discovery only as to Defendant

1

Lewis, allowing the parties to complete the rest of discovery while Defendant Lewis's criminal case is resolved.

## ARGUMENT

This civil-rights lawsuit arises out of a traffic stop that occurred in June 2022. On August 4, 2023—more than a year after that traffic stop and more than nine months after Plaintiffs filed their Complaint—Defendant Officer Jim Lewis was arrested for a separate incident in which he allegedly falsified, doctored, or otherwise injured a public record concerning a suspected shoplifting crime in February 2023 and committed malfeasance in office. As Defendant Lewis notes in his motion to stay, despite his arrest, Defendant Lewis has not yet been indicted.

Following his arrest on these unrelated criminal charges, Defendant Lewis moved to stay all proceedings in this civil case, not just against himself but against all Defendants. (Doc. 34.) Although Plaintiffs' response to that motion was not due until October 13, 2023, this Court granted the motion in a one-sentence order issued on October 2.

This Court should reconsider and vacate that order. As explained in Section I, any difficulties Defendant Lewis or the other Defendants may face from moving forward with this case stem largely from Defendants' own unjustified delay tactics, which have needlessly dragged out discovery—discovery that was originally scheduled to conclude on September 5, 2023. Further, as explained in Section II, Defendant Lewis has not satisfied the stringent requirements for a stay. If Defendant Lewis has legitimate concerns about avoiding self-incrimination, he may address

2

those concerns by selectively invoking the Fifth Amendment in response to discovery requests relating to any potential criminal charges against him. Finally, as explained in Section III, even if this Court believes that a stay is justified as to Defendant Lewis, this Court should modify its order to stay discovery only as to Defendant Lewis. Doing so would minimize the prejudice to Plaintiffs by allowing them to complete most of their outstanding discovery against the other defendants while the parties await the resolution of the potential criminal proceedings against Defendant Lewis.

## I. Defendants have already unnecessarily prolonged discovery.

Defendant Lewis's motion to stay is the latest in a long series of delays and withheld production by Defendants.

Over the life of the case, this Court has already extended the parties' deadlines once; Plaintiffs have agreed to extend Defendants' deadlines without the Court's involvement eight times; and Defendants have nonetheless failed to meet their deadlines (without a previously agreed-upon extension) four times. (Decl. Marie Miller ¶¶ 2–4, 15–19, 30, 32, 33, 35.) Discovery should have ended by now, and the only reason it hasn't is because Defendants have dragged their feet at every turn.

This history of Defendants' obstructive, dilatory practices exposes Officer Lewis's motion for what it is: the latest and most extreme tactic to keep the City from disclosing relevant, potentially damning evidence to which Plaintiffs are entitled. Indeed, this Court's Order granting a stay places the entire case on hold indefinitely, with Plaintiffs unable to collect any more discovery, including past-due responses to outstanding discovery requests. A large portion of those past-due responses consist of videos from April 1, 2022 through June 15, 2022—which were created long before the

3

events underlying Officer Lewis's arrest in August of this year and which do not implicate his criminal proceedings.

## II.   Defendant Lewis has not met the stringent requirements to justify a stay of proceedings.

A stay of civil proceedings when a defendant faces parallel criminal proceedings is an extraordinary remedy. *Sec. & Exch. Comm'n v. Mueller*, No. 21-CV-00785-XR, 2022 WL 818678, at *2 (W.D. Tex. Mar. 17, 2022). Thus, "[t]he Fifth Circuit has determined that such a stay may be warranted only where 'special circumstances' exist such that a party would suffer substantial and irreparable prejudice otherwise." *Tajonera v. Black Elk Energy Offshore Operations, LLC*, No. CV 13-0366, 2015 WL 13227930, at *5 (E.D. La. Dec. 4, 2015).

"The burden to show that a stay is warranted rests on the movant." *Id.* But "the mere possibility of prejudice to the criminal defendant arising from discovery in the civil case does not necessarily warrant a stay." *Id.* (cleaned up). Instead, "in determining whether a civil action should be stayed due to a criminal matter, courts within the Fifth Circuit have looked to six factors":

1) the degree of overlap between the issues in the civil and criminal cases;

2) the status of the criminal case;

3) the private interest of Plaintiffs in proceeding expeditiously;

4) the private interest of and burden on Defendant;

5) the interests of the Court; and

6) the public interest.

*Id.*

4

Here, these factors do not show that Defendant Lewis would suffer "substantial and irreparable prejudice" without a stay. Instead, they show that the degree of overlap between this case and any potential criminal case against Defendant Lewis is minimal; that Plaintiffs, this Court, and the public have a strong interest in this case being resolved expeditiously; and that Defendant Lewis may adequately address the minimal burdens he faces by selectively invoking his Fifth Amendment rights.

### A.    There is no substantial overlap between the issues here and any potential criminal case against Defendant Lewis.

The first factor—the extent to which issues in the criminal case overlap with those in the civil case—"generally is regarded as the most important factor." *DeSilva v. Taylor*, No. 1:21-CV-00129-RP, 2022 WL 545063, at \*3 (W.D. Tex. Feb. 23, 2022) (internal quotation marks omitted). "In determining the extent of overlap, courts consider whether the civil and criminal cases arise from the same set of operative facts, and whether the witnesses and documentary evidence in both matters are the same." *Kinnie Ma Individual Ret. Acct. v. Ascendant Cap., LLC*, No. 1:19-CV-01050-RP, 2023 WL 5417142, at \*4 (W.D. Tex. Aug. 21, 2023) (internal quotation marks and citations omitted). Further, this overlap must be substantial to justify the extraordinary remedy of granting a stay. Indeed, the defendant has the burden to prove the civil and criminal proceedings will overlap to such an extent "that either (1) he cannot protect himself in the civil proceeding by selectively invoking his Fifth Amendment privilege, or (2) effective defense of both [the criminal and civil cases] is impossible." *Mueller*, 2022 WL 818678, at \*2.

5

Defendant Lewis has not come close to meeting this high standard. On the contrary, the record shows that the degree of overlap between this case and any potential criminal case against Lewis is minimal. Courts in the Fifth Circuit are most likely to find a high degree of overlap when civil and criminal cases arise out of the same event—for example, when a police officer is sued civilly for excessive force and is also criminally charged for that same instance of excessive force. That is what happened in the chief case Defendant Lewis relies on, *Volter-Jones v. City of Austin*, No. 1:22-CV-00511-RP, 2023 WL 3910341 (W.D. Tex. June 8, 2023). Here, by contrast, the events for which Defendant Lewis was arrested took place more than a year after the traffic stop that gave rise to this lawsuit. And besides Defendant Lewis himself, it does not appear that the events have any witnesses in common. Indeed, because Defendant Lewis has not been indicted, "whether the issues will even overlap is a mere matter of speculation." *Toshiba Int'l Corp. v. D'Agostino*, No. CV H-19-4274, 2020 WL 13413329, at \*2 (S.D. Tex. May 21, 2020) (quoting *Alcala v. Webb County*, 625 F. Supp. 2d 391, 401 (S.D. Tex. May 1, 2009)).

Defendant Lewis objects that Plaintiffs have made his arrest an issue in this case by seeking discovery on it. To be sure, facts about Lewis's arrest may be relevant to this civil case. They may tend to show, for example, that Lewis engaged in a practice of falsifying or exaggerating crimes he investigated. That, in turn, may support Plaintiffs' claims that Defendants Lewis and Terrell were carrying out a municipal policy to make up traffic infractions or other crimes to pull people over and

6

investigate unrelated, more severe crimes, including crimes for which they lack reasonable suspicion.

But while discovery is governed by a relevance standard, Fed. R. Civ. P. 26(b), a stay requires more; a mere relevance connection between the civil and criminal cases is not enough. As noted above, a stay requires that the overlap be so extensive that simultaneous defense in both cases is effectively impossible. Lewis makes no effort to show that he cannot protect himself by selectively invoking his Fifth Amendment privilege or that invoking the privilege about events related to his arrest will make effective defense in this civil case "impossible."

**B.      Defendant Lewis has not yet been indicted, a fact that weighs heavily against granting a stay.**

The status of the criminal case also weighs against granting a stay. As Defendant Lewis acknowledges in his motion, Defendant Lewis has been charged but not yet indicted, and the status of his criminal case "remain[s] in flux." Motion to Stay at 4. And district courts in the Fifth Circuit have repeatedly held that "where there has been no indictment, the status of the criminal case weighs heavily against granting a stay." *Lodge v. Doe*, No. CIV.A. 11-1257, 2012 WL 3138020, at *3 (E.D. La. Aug. 1, 2012); *see also Sec. & Exch. Comm'n v. Kelly*, No. 3:04-CV-2098-M, 2006 WL 8437214, at *3 (N.D. Tex. Mar. 9, 2006) ("Where no indictment has been issued in the case, courts have generally found that this factor weighs against a stay."). Indeed, some courts in the Fifth Circuit have held that "a pre-indictment motion to stay can be denied on this ground alone." *Toshiba*, 2020 WL 13413329, at *2 (cleaned up).

7

**C.    Plaintiffs have a strong interest in moving forward with this case, which has been pending for nearly a year.**

Unlike the inchoate criminal charges that may or may not be brought against Defendant Lewis, Plaintiffs' claims against Defendant Lewis and his co-defendants are real and have been pending on this Court's docket since November of last year. As explained above, this case has already been needlessly prolonged by Defendants' dilatory conduct in discovery. With this Court's October 2 order staying proceedings, Plaintiffs now face the prospect of a potentially indefinite delay in resolving their case.

"While normally, in evaluating the plaintiff's burden resulting from the stay, courts may insist that the plaintiff establish more prejudice than simply a delay in his right to expeditiously pursue his claim, courts recognize that delay can lead to the loss of evidence and duly frustrate a plaintiff's ability to put on an effective case." *Alcala*, 625 F. Supp. 2d at 405 (cleaned up). Indeed, "[w]ith the passage of time, witnesses become unavailable, memories of conversations and dates fade, and documents can be lost or destroyed." *Id.*

Those concerns are particularly relevant here, where some documentary evidence has already been lost. According to Defendant Lewis's counsel, the Alexandria Police Department has already suffered a data breach that resulted in the loss of documents, some of which may have been responsive to Plaintiffs' discovery requests. (Miller Decl. ¶ 21.) Thus, this factor weighs against granting a stay.

8

**D.      Defendant Lewis and the City of Alexandria will face only minimal burdens if this case proceeds while the criminal matter is pending.**

Plaintiffs acknowledge that Defendant Lewis may face additional burdens defending himself in this lawsuit if he is ultimately indicted for the unrelated conduct that led to his arrest. Defending oneself in any lawsuit is burdensome, and all defendants would rather avoid defending themselves in more than one lawsuit at a time. But it is also "well-established that criminal cases and civil cases can proceed concurrently." *Toshiba*, 2020 WL 13413329, at *2 (citation omitted). And "the rule is that parallel civil and criminal proceedings are not objectionable in the absence of *substantial* prejudice to the rights of the parties involved." *Whitfield v. Riley*, No. CIV.A. 09-1877, 2009 WL 1269243, at *1 (E.D. La. May 6, 2009) (emphasis added).

Here, Defendant Lewis "has not shown any reason that he cannot selectively invoke his Fifth Amendment rights in the context of civil discovery or that it is impossible for him to simultaneously defend the civil and criminal actions." *D'Angelo v. Pintado*, No. CIV.A. 09-3667, 2009 WL 4642009, at *2 (E.D. La. Dec. 2, 2009). Indeed, his discussion of this factor does not discuss any prejudice to *Defendant Lewis* at all. Instead, Defendant Lewis points to difficulty that the *City of Alexandria* may have if Defendant Lewis is "forced to continually assert his rights under the Fifth Amendment." Mot. to Stay at 5. This again betrays Defendant Lewis's motion as an attempt to keep the City of Alexandria from disclosing material that supports Plaintiffs' claims and to which Plaintiffs are entitled. *See supra* Part I.

Defendant Lewis's argument overstates both the burdens his invocation of the Fifth Amendment would impose on the city and the benefits of a stay. To the extent

9

Defendant Lewis would invoke the Fifth Amendment in response to discovery requests relating to the events for which he was arrested, he has not explained how this would meaningfully prejudice the city in its defense of policies and practices that led to an illegal traffic stop more than a year earlier. And to the extent Defendant Lewis feels he must invoke the Fifth Amendment in response to discovery requests about the traffic stop at the heart of *this* case, he will presumably do so regardless of the outcome in his criminal trial, because nothing that happens in that trial would foreclose criminal charges related to Defendant Lewis's conduct toward Plaintiffs. Indeed, Defendant Lewis has already effectively asserted his Fifth Amendment privilege in what little discovery he responded to when he moved for a stay. Thus, the benefits of a stay to the other Defendants—who also have an interest in seeing this case resolved expeditiously—are either minimal or nonexistent.

### E.    The interests of judicial economy weigh against a stay.

This Court's interests also weigh against a blanket stay of all proceedings. "A court has an obligation to move its docket, and not let cases languish before it." *Alcala*, 625 F. Supp. 2d at 407 (internal quotation marks omitted). "But that is precisely the danger where, as here, a stay could be of indefinite duration." *Id.* Because no indictment has yet been issued against Defendant Lewis, "[p]ostponement of this suit until the conclusion of [Defendant Lewis's] criminal prosecution, if any, would require this court either to rely upon fortuitous events to manage its docket, or to guess what criminal acts [he] might be charged with, and consequently which limitations periods apply to those criminal acts." *Id.* (cleaned up).

10

Defendant Lewis argues that a stay of all proceedings will "serve[] the interests of the courts, because conducting the criminal proceedings first advances judicial economy." Mot. to Stay at 5. But a closer look at the cases that Defendant Lewis relies on shows that a stay would not serve judicial economy here. Those cases argue that allowing the criminal case to proceed first serves judicial economy in two ways: First, by "increas[ing] prospects of settlement of the civil case," and, second, by creating the possibility "for a collateral estoppel or res judicata effect on some of all of the overlapping issues." *DeSilva*, 2022 WL 545063, at \*4.

Those potential benefits exist only when there is a high degree of overlap between the facts of the civil and criminal cases. That high degree of overlap is missing here; there is little, if any, overlap between the facts of the traffic stop giving rise to Plaintiffs' civil case and the facts giving rise to the criminal charges against Defendant Lewis. For his part, Defendant Lewis identifies no issues that the potential criminal case against him might resolve that would streamline future proceedings in this civil case. Thus, the interests of judicial economy weigh against a stay.

## F.    The public interest weighs against a stay.

Finally, the public interest also counsels against a stay. Courts in the Fifth Circuit have found that when the party seeking a stay has not yet been indicted, "the public's interest in resolving the case with minimal delay weighs against a stay." *Alcala*, 625 F.Supp.2d at 407. And in this case the public has a broader interest than the mere efficient administration of justice.

11

Plaintiffs have alleged that the unlawful traffic stop to which they were subjected was not a freak occurrence by rogue officers, but part of larger patterns and practices by police officers in the City of Alexandria conducting and extending illegitimate traffic stops for the purpose of investigating unrelated crimes, and prohibiting stopped individuals from recording police interactions. Thus, Plaintiffs have sought injunctive relief that will prevent Defendants from violating others' rights. Because the public always has an interest in ensuring that police abide by the Constitution, this factor also favors moving forward. *See, e.g.*, *Vote.org v. Callanen*, 609 F. Supp. 3d 515, 539 (W.D. Tex. 2022) ("Injunctions protecting constitutional freedoms are always in the public interest.").

## III. Even if this Court does not vacate the stay, it should modify it to allow discovery to proceed against the other Defendants.

As shown above, Defendant Lewis has not satisfied the stringent requirements for granting a stay. But if this Court is unwilling to vacate its October 2 order in its entirety, this Court should modify the order to stay proceedings only as to Defendant Lewis. *Cf. Whitfield*, 2009 WL 1269243, at *1 (denying a stay where, even though "some Defendants may be able to show that some individual discovery request substantially prejudices their rights . . . there has been no showing that the proceeding as a whole does so").

Modifying the stay to allow discovery to proceed against the other Defendants and third parties would substantially reduce the prejudice of a stay to Plaintiffs. For example, there is pending before this Court a motion to quash filed by the non-party Louisiana Commission on Law Enforcement. (Doc. 30.) That motion is unrelated to

12

any potential criminal charges against Defendant Lewis, and there is no reason to hold off on resolving it until that criminal case concludes. And, as noted above, there has been no showing that any of Defendant Lewis's co-defendants would be substantially prejudiced by moving forward on the current discovery schedule.

Modifying the stay would also speed up the ultimate resolution of this case. Plaintiffs could complete the vast bulk of their discovery—perhaps all of their discovery except for Defendant Lewis's deposition—before the current December 5 deadline. That, in turn, would allow the parties to move quickly to summary judgment or trial following the expiration of the limited stay.

## CONCLUSION

This Court should vacate its October 2 order granting Defendant Lewis's motion to stay proceedings. Alternatively, this Court should modify that order to stay discovery only as to Defendant Lewis.

13

Dated: October 13, 2023.

/s/ Joesph P. Beck, III
Joseph P. Beck, III
Bar Roll No. 28312

LAW OFFICES OF JOE BECK
5529 Monroe Hwy.
Ball, LA 71405
Tel.: (318) 640-9202
Fax: (318) 640-9203
joe@joebecklaw.com

*Local Counsel for Plaintiffs*

Respectfully submitted,

/s/ Marie Miller
Marie Miller*
IN Bar No. 34591-53

INSTITUTE FOR JUSTICE
398 S. Mill Ave. Ste. 301
Tempe, AZ 85281
Tel.: (480) 557-8300
Fax: (480) 557-8305
mmiller@ij.org

Patrick Jaicomo*
MI Bar No. P75705

Anya Bidwell*
TX Bar No. 24101516

INSTITUTE FOR JUSTICE
901 N. Glebe Rd., Suite 900
Arlington, VA 22203
Tel.: (703) 682-9320
Fax: (703) 682-9321
pjaicomo@ij.org
abidwell@ij.org

*Admitted pro hac vice*

*Lead Counsel for Plaintiffs*

14