**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

**MARIO ROSALES, ET AL**                          **CIVIL ACTION NO: 1:22-CV-5838**

**VERSUS**                                        **JUDGE TERRY A. DOUGHTY**

**JOHN LEWIS, ET AL**                             **MAGISTRATE JUDGE PEREZ-MONTES**

**MEMORANDUM IN OPPOSITION TO PLAINTIFFS'**
**UNOPPOSED MOTION FOR RECONSIDERATION OF STAY ORDER**

**NOW INTO COURT**, through undersigned counsel, comes Defendant, JIM LEWIS, who

respectfully submits the following in opposition to the Plaintiffs' Motion for Reconsideration of Stay

Order [Doc. 39].

## TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

I.    FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   LAW AND ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
      A.    Six Factors Applied. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
      B.    Scope of Stay . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

III.  CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

APPENDIX
      EXHIBIT 1:   Bill of Information . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2
      EXHIBIT 2:   Notice of Arraignment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

i

## TABLE OF AUTHORITIES

**CASES:**

Chamberlain v. Baxter, 2022 WL 831228, at *1 (N.D. Miss. 3/18/22) . . . . . . . . . . . . . . . . . . . . . 2

DeSilva v. Taylor, 2022 WL 545063 (W.D. Tex. 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Doe v. City of Austin, 2022 WL 4234954, at *6 (W.D. Tex. Sept. 14, 2022) . . . . . . . . . . 8, 10, 11

Off. Comm. of Unsecured Creditors of First NBC Bank Holding Co. v. Ryan, 2019
    WL 3858953, at *3 (E.D. La. Aug. 16, 2019). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 8

Sec. & Exch. Comm'n v. Mueller, 2022 WL 818678, at *2 (W.D. Tex. Mar. 17, 2022) . . . . . . . 4

United Auto. Ins. v. Veluchamy, 2010 WL 749980 (N.D. Ill. 2010) . . . . . . . . . . . . . . . . . . . . . . 3

Volter-Jones v. City of Austin, 2023 WL 3910341 (W.D. Tex. June 8, 2023) . . . . . . . . . . . . 3, 11


**ARTICLES/RULES/STATUES/MISC.:**

La. C. Cr. P. Art. 382 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

La. R.S. 14:134 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## I.    FACTS

On November 1, 2022, Mario Rosales and Gracie Lasyone filed their Complaint arising from a series of events that occurred on or about June 15, 2022. [Doc. 1].  Therein they made claims against Jim Lewis, along with fellow officer Samuel Terrell, Chief Ronney Howard, and the City of Alexandria ("City")  in their various individual and official capacities for alleged violations of their rights under the First and Fourth Amendments.

On or about August 4, 2023, Lewis was arrested upon information and belief, on charges of Malfeasance in Office and Injury to Public Records. (See Docket Information [Doc. 34-3]). Upon information and belief, on or about October 25, 2023, Lewis was formally charged, via Bill of Information, with Malfeasance in Office.  (See Bill of Information, attached hereto as Exhibit 1). Lewis is set to be arraigned on that charged on November 9, 2023. (See Notice of Arraignment, attached hereto as Exhibit 2).

On or about August 9, 2023, the Plaintiffs propounded discovery upon all Defendants, including Lewis, requesting information and records concerning the August 4, 2023 arrest. (See Plaintiffs' Second Set of Requests for Production to Certain Defendants [Doc. 34-3]).  By agreement between counsel for the parties, an extension to respond to that discovery was given by the Plaintiffs until September 22, 2023.

On September 21, 2023, a Motion to Withdraw and Substitute Counsel of Record was filed herein, seeking to substitute Misty Antoon as counsel for the City, Chief Howard, and Officer Terrell. [Doc. 33].  That Motion was granted on September 28, 2023. [Doc. 35].  Lewis has invoked his constitutional rights under the Fifth Amendment in response to the Plaintiffs' Second Set of Requests for Production to Certain Defendants, as well as any future discovery directed at facts and

1

issues concerning the on-going criminal charges.  Based on the anticipated criminal charge (which has now come to fruition), Lewis moved for a stay of this matter during the pendency of that criminal prosecution. [Doc. 34].  That Motion was granted on October 2, 2023. [Doc. 36].  The Plaintiffs have now motioned the Court to reconsider that stay, or alternatively to limit it to Lewis. [Doc. 39].  For the reasons described herein, and as previously detailed in his Memorandum in Support of Motion to Stay [Doc. 34], the stay should remain in place.

## II.    LAW AND ARGUMENT

In Chamberlain v. Baxter, 2022 WL 831228, at *1 (N.D. Miss. 3/18/22), the court of the Northern District of Mississippi provided the most recent recitation of the law of the Fifth Circuit relative to granting a stay of a civil matter where a parallel criminal proceeding is in play, finding:

> The decision whether ... to stay civil litigation in deference to parallel criminal proceedings is discretionary.  A district court's discretionary authority to stay proceedings stems from its inherent authority to control the disposition of the cases on its own docket "with economy of time and effort for itself, for counsel, and for litigants."
>
> "It 'is the rule, rather than the exception' that civil and criminal cases proceed together."  Further, "[t]he granting of a stay of civil proceedings due to pending criminal investigation is an extraordinary remedy, not to be granted lightly.' "  It is the burden of the party seeking the stay to overcome the "strong presumption in favor of discovery" and demonstrate why a stay is warranted.  A district court should stay the civil case only upon a showing of "special circumstances," so as to prevent the defendant from suffering substantial and irreparable prejudice.
>
> District courts consider the following factors to evaluate whether a stay is warranted: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously, weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest.
> (Internal citations omitted).

Pertinent here, "Courts have found special circumstances where a defendant attempts to preserve his Fifth Amendment right against self-incrimination and resolve 'the conflict he would face between asserting this right and defending the civil action." Volter-Jones v. City of Austin, 2023 WL 3910341 (W.D. Tex. June 8, 2023).  While the facts and circumstances of the instant matter involving the Plaintiffs are not being prosecuted, the Plaintiffs intend to seek, and have already sought, discovery on that arrest, triggering the same Fifth Amendment concerns as detailed herein.

Discussing the choices available to a defendant in Lewis' position, the Court in United Auto. Ins. v. Veluchamy, 2010 WL 749980 (N.D. Ill. 2010) found, "One either asserts the Fifth Amendment or responds to proper discovery or seeks a stay of the case so that one is not obligated to either respond to the complaint or to the discovery requests."  There, the defendant did not assert the Fifth Amendment in response to discovery, but instead, "only alluded to a 'potential' Fifth Amendment objection." Id. at *1.  "The appropriate way for a party in civil litigation to avoid the dilemma posed by being asked to respond to discovery is to seek a stay of the proceedings so as not to have to answer a complaint and failing that, to assert the Fifth Amendment in an answer. . . and then to seek a stay of discovery." Id. at *2. Here, Lewis was arrested after he filed his Answer, and these discovery responses are the first instance in which he faces the dilemma between aiding his defense here, and forfeiting his right against self-incrimination, or maintaining that right, but sacrificing his defense of this matter to an adverse inference based on his invocation of the right. Accordingly, he sought and was granted a stay of this matter during the pendency of his criminal prosecution based on his application of the six factors detailed above to these circumstances.

### A.      Six Factors Applied

In response to the stay, the Plaintiffs have provided their own application of the six factors

in their underlying Motion for Reconsideration.  Lewis will address those counter-arguments below.

The first factor, which looks to the extent of the overlap between the criminal case and the civil case, appears to be the focal point of the Plaintiffs' argument against the stay.  As the Plaintiffs assert, and as Lewis acknowledged when seeking the stay, the criminal prosecution does not concern the Rosales traffic stop.  The Plaintiffs would have the Court lift the stay on this factor alone.  They highlight caselaw that requires Lewis to show, "that either (1) he cannot protect himself in the civil proceeding by selectively invoking his Fifth Amendment privilege, or (2) effective defense of both [the criminal and civil cases] is impossible." Sec. & Exch. Comm'n v. Mueller, 2022 WL 818678, at *2 (W.D. Tex. Mar. 17, 2022).  They assert that Lewis has not met this standard but do so without seriously engaging in his Fifth Amendment arguments.

The  Plaintiffs dutifully acknowledge that they created the overlap between this matter and Lewis' criminal prosecution with their discovery requests.  Indeed, they lay out why they believe responses to that discovery is relevant here.  That asserted relevance and the Plaintiffs' insistence on pursuing that discovery in the face of Lewis' Fifth Amendment concerns provides all of the overlap necessary to justify the stay.  As Lewis has argued previously, facts of both cases are likely to overlap, including issues involving Lewis' training and history as an officer.  Further, the suggestion that Lewis could "selectively assert" the privilege is unaccompanied by any discussion of potential waiver or any concern for the dilemma faced by Lewis between aiding his defense of this matter and maintaining his rights under the Fifth Amendment aiding his defense of the criminal charge. Without a stay, the Plaintiffs will press for discovery on the underlying facts of the criminal case, and Lewis will either be forced to maintain his assertion of the privilege (aid his criminal defense) while suffering the consequences of same here (harming his defense of the civil matter),

4

or respond in order to avoid any adverse inferences (aiding the defense of his civil case) and waive his rights under the Fifth Amendment (harming his criminal defense).  As the case law cited by Lewis previously shows, avoidance of this dilemma is best accomplished through a stay of the civil discovery, which is what Lewis sought and which has been granted.  The Plaintiffs offer nothing to even suggest that Lewis would not face this classic dilemma, which again, has only arisen here because the Plaintiffs propounded discovery specifically about the criminal matter.  Further, selective assertion of the privilege does nothing to prevent the Plaintiffs from seeking to impose detrimental consequences on Lewis for that assertion.  Thus, even if Lewis selectively invoked his rights under the Fifth Amendment, "effective defense of both [the criminal and civil cases] is impossible" as even selective invocation will damage his defense of the civil matter.  The only way for Lewis to effectively defend both actions is to defend them sequentially and separately, which is accomplished by the stay which should remain in place.

The Plaintiffs' analysis of the second factor–status of the criminal case–should be viewed in light of recent developments in the criminal matter.  While the Plaintiffs take pains to repeatedly emphasize that Lewis has not been indicted, indictment is not the sole method of bringing charges in Louisiana.  In Louisiana, a prosecution may be instituted either by an indictment or by information (filing a Bill of Information). La. C. Cr. P. Art. 382. On October 25, 2023 a prosecution of Lewis was formally instituted when an Assistant District Attorney filed a Bill of Information charging Lewis with the offense of Malfeasance in Office pursuant to La. R.S. 14:134. (See Ex. 2).  The Plaintiffs make no argument that an indictment, as opposed to a Bill of Information, is required for the issuance of a stay.  Indeed, formal charges brought pursuant to a Bill of Information rather than an indictment support a stay of a civil matter.  See Off. Comm. of Unsecured Creditors of First NBC

Bank Holding Co. v. Ryan, 2019 WL 3858953, at *3 (E.D. La. Aug. 16, 2019). This factor also weighs in favor of maintaining the stay.

Regarding the third factor–the private interest of the plaintiffs in proceeding expeditiously, weigh against the prejudice to the Plaintiffs caused by the delay–just as Lewis anticipated, the Plaintiffs have taken pains to emphasize their interest in proceeding with their claims. Again Lewis will note that there is nothing particularly compelling about that interest for these Plaintiffs specifically, and that nothing differentiates their interest on this factor from any other plaintiffs' similar interest. As the Plaintiffs helpfully admit, their burden on this factor is to show that their interest is greater in some way than the default interest all plaintiffs have in moving their cases forward. They have failed to do so.

The Plaintiffs point to what they call, without foundation, the "Defendants' dilatory conduct in discovery," as weighing in favor of lifting the stay. This is in addition to more robust description of the discovery process provided by the Plaintiffs earlier in their Memorandum. Lewis categorically denies that he has been "dilatory" in discovery or that his Motion for Stay was part of some dilatory scheme to deny the Plaintiffs discovery. It may be that the Plaintiffs are accustomed to a brisker pace in discovery, but a review of their "evidence" of the Defendants' alleged dilatory tactics reveals nothing more than typical discovery delays. Unfortunately, the discovery process occasionally moves slowly and never moves at the pace Plaintiffs wish it would. Prior to the discovery aimed at Lewis' arrest, the parties were mutually engaged in the discovery process. Written discovery was exchanged, documents and video were produced, depositions were taken. Any disputes between the parties regarding that production were handled without motion practice. It was only when the Plaintiffs sought to make Lewis' criminal matter an issue in this case by sending discovery requests

specific to that matter on August 9, 2023 that other interests interposed themselves. Based on those requests, and Lewis' criminal charges, the undersigned engaged in the examination of potential conflicts which is a continuing ethical requirement of all members of the bar.  During that process, it was determined that Lewis required separate counsel and the process of finding and substituting counsel for the remaining Defendants began.  Early in that process counsel for Plaintiffs was informed that substitution of counsel was likely.  That substitution was made via Motion to Withdraw and Substitute Counsel of Record on September 21, 2023. [Doc. 33].  Lewis moved for the stay at issue the next day September 22, 2023. [Doc. 34].  Lewis and the other Defendants had the discovery which prompted the need for separate counsel and which led to him requesting the stay for roughly 45 days prior to the Motion for Stay.  During that time period they were in frequent communication with the Plaintiffs, who were fully aware that a substitution was likely.  That time period, and any other discovery issues the Plaintiffs feel they may have faced prior to the stay, does not take their claim, and their identical interest in pursuing it which they share with all other plaintiffs, and raise it to a level where it weighs against a properly supported and granted stay. Further, any loss of documents which may have occurred here were the result of a city-wide cyber attack, the sort of unpredictable occurrence which should not weigh in favor or against the imposition of a stay.

Regarding the fourth factor-private interests of and burden on the defendant–the Plaintiffs argue that Lewis has little interest in staying discovery himself. In their discussion of this factor, the Plaintiffs again assert baselessly that it should not be too much of a problem for Lewis to selectively assert his Fifth Amendment rights.  This again ignores the legal consequences of doing so in a civil matter.  Those legal consequences are what make effective defense of both the civil and criminal

matters impossible.  When the criminal matter has concluded, and Lewis may no longer assert those rights, discovery can continue.  The Plaintiffs will have their responses and Lewis will not suffer any harm to his defense of this civil matter.

Regarding the fifth factor–the interests of the Courts–the Plaintiffs again rely in part on the lack of formal charges against Lewis.  Again, that state of affairs has changed, and Lewis has been formally charged via Bill of Information.  Further, even if allowing the criminal case to proceed first does not increase the prospect of settlement or possibly trigger collateral estoppel and/or a res judicata effect, the stay will lead to less litigation surrounding Lewis' contribution to discovery which itself promotes judicial economy.  This is especially true where, as here, the Plaintiffs signal that they do not believe the Fifth Amendment concerns are legitimate or they directly benefit from placing Lewis in a position to choose between defending himself here or in criminal court.

Regarding the final factor–the public interest–the Plaintiffs argue that because their case seeks redress for an alleged constitutional violation (an allegedly prolonged traffic stop during which no one was injured or subsequently sought any medical treatment), the public's interest in moving forward weighs in favor of lifting the stay.  However, "The sixth factor typically weighs against the grant of a stay only where, unlike here, a civil case is pending and no criminal investigation has begun." Id. (citing DeSilva v. Taylor, 2022 WL 545063 (W.D. Tex. 2022).  Again, a prosecution against Lewis has been formally instituted via Bill of Information.  Further, "criminal prosecutions often take priority over civil actions 'due to the significant public interest in law enforcement'." Additionally, though the public may have an interest in the outcome of constitutional claims, "it also has an interest in protecting the constitutional rights of criminal defendants." Doe v. City of Austin, 2022 WL 4234954, at *6 (W.D. Tex. Sept. 14, 2022).  Thus this final factor weighs in favor of

maintaining the stay.

Despite the Plaintiffs' arguments to the contrary, the factors weigh in favor of maintaining the stay. Though the Plaintiffs argue there is no overlap between this matter and the criminal prosecution, the Plaintiffs themselves created the overlap when they propounded discovery expressly seeking information relative to that criminal matter. Plaintiffs would seemingly like to have it both ways: the criminal matter is insufficient for a stay but just significant enough that they should be allowed discovery on it. Allowing the Plaintiffs to continue down that path is to allow them to impose the classic Fifth Amendment dilemma on Lewis in order to advantage their claims here. This should not be countenanced and can only be prevented by maintaining the stay. The stay is the only method by which the rights and interests of all parties, the public, and the Court can be harmonized at this time. Accordingly, the stay should be maintained at this time.

**B.    Scope of Stay**

In <u>Doe</u>, supra, the city had filed a motion to dismiss all <u>Monell</u> claims, which was accompanied by a motion to stay discovery pending resolution of the motion to dismiss.  The district court rejected the motion to stay based upon the pendency of the motion to dismiss but, instead, it granted a stay of discovery against the city because the plaintiff's <u>Monell</u> claims against the city were inextricably intertwined with the claims made against the defendant officer.   To defend against the plaintiff's allegations, that the city's policies and procedures were the moving force behind the constitutional violations, the city would likely need discovery from the defendant officer, including his deposition. Addressing a similar situation concerning a stay of discovery as to a City due to criminal charges against a defendant officer, the district court in <u>Doe</u> found:

> Because the Court has granted a stay of discovery as to Dodds, neither party will be able to obtain the necessary discovery to prove or disprove their claims and defenses. Accordingly, the Court finds that a stay of all discovery directed at both the City and Dodds is appropriate pending the outcome of Dodds' criminal proceedings. <u>See Trent v. Wade</u>, No. 3:12-CV-01244-P, 2013 WL 12176988, at (N.D. Tex. Oct. 15, 2013) (granting stay against city "given the close connection of the claims against the City and the claims against [individual officers]").
>
> The Fifth Circuit's decision in <u>Carswell v. Camp</u>, 37 F.4th 1062 (5th Cir. 2022), supports this conclusion. In <u>Carswell</u>, the district court declined to rule on the qualified immunity defense at the motion to dismiss stage and entered a scheduling order permitting certain discovery of the  individual defendants in their capacity as witnesses to the actions of other defendants not asserting qualified immunity. The Fifth Circuit held that the district court abused itsdiscretion by deferring its ruling on individual officers' entitlement to qualified immunity. <u>Id</u>. at 1068. The court rejected the plaintiff's argument that the scheduling order was proper because it stayed discovery as to issues of qualified immunity while allowing discovery on the *Monell* claims, reasoning that "bifurcation of discovery would radically complicate the case" and impose unreasonable burdens on the defendants. <u>Id</u>. at 1068-69.
>
> For these reasons, the Court finds that good cause exists to stay all discovery in this case pending completion of Dodds' criminal proceedings.

Doe, at *6.[1]

Accordingly, the stay was also properly issued as to all discovery and all parties.

## III.   CONCLUSION

For the reasons detailed above, the stay should be maintained.

Respectfully Submitted:

**PROVOSTY, SADLER & deLAUNAY, APC**

By: /s/ H. Bradford Calvit
H. BRADFORD CALVIT (#18158)
bcalvit@provosty.com
P: 318-767-3133      F: 318/767-9588
JOHN D. RYLAND (#20355)
jryland@provosty.com
P: 318-767-3177      F: 318/767-9588
ELI J. MEAUX (#33981)
emeaux@provosty.com
P: 318-767-3118      F: 318/767-9588
934 Third Street, Suite 800 (71301)
P.O. Box 13530
Alexandria, LA 71315-3530
ATTORNEYS FOR DEFENDANT,
JIM LEWIS

---

[1]The same result was rendered in Volter-Jones v. City of Austin, 2023 WL 3910341 (W.D. Tex. June 8, 2023)

11

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of November, 2023, I electronically filed the MEMORANDUM IN OPPOSITION TO PLAINTIFFS' UNOPPOSED MOTION FOR RECONSIDERATION OF STAY ORDER with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to the following:

| | |
|---|---|
| Joseph Pershing Beck , III<br>Law Offices of Joseph Beck<br>P O Box 6<br>Ball, LA 71405<br>318-640-9202   Fax: 318-640-9203<br>Email: joe@joebecklaw.com<br>*ATTORNEYS FOR PLAINTIFFS* | Misty S Antoon<br>Law Office of Misty S Antoon<br>600 W Shore Dr<br>Alexandria, LA 71303<br>318-792-3514<br>Email: misty@antoonlaw.com<br>*ATTORNEYS FOR DEFENDANTS, SAMUEL TERRELL, SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, RONNEY HOWARD SUED IN HIS OFFICIAL CAPACITY, CITY OF ALEXANDRIA* |
| Patrick M Jaicomo<br>Institute for Justice<br>901 N Glebe Rd Ste 900<br>Arlington, VA 22203<br>703-682-9320<br>Email: pjaicomo@ij.org<br>*PRO HAC VICE FOR PLAINTIFFS* | John C Nickelson<br>Nickelson Law<br>7591 Fern Ave Ste 1403<br>Shreveport, LA 71105<br>318-678-5786  Fax: 318-300-4762<br>Email: john.nickelson@nickelsonlaw.com<br>*ATTORNEYS FOR DEFENDANT, LOUISIANA COMMISSION ON LAW ENFORCEMENT* |
| Marie L Miller<br>Institute for Justice (AZ)<br>398 S Mill Ave Ste 301<br>Tempe, AZ 85281<br>480-557-8300<br>Email: mmiller@ij.org<br>*PRO HAC VICE FOR PLAINTIFFS* | Heidi Kemple Martin<br>Nickelson Law<br>7591 Fern Ave Ste 1403<br>Shreveport, LA 71105<br>318-678-5800  Fax: 318-300-4762<br>Email: heidi.martin@nickelsonlaw.com<br>*ATTORNEYS FOR DEFENDANT, LOUISIANA COMMISSION ON LAW ENFORCEMENT* |

I further certify that I have forwarded the foregoing document via facsimile and/or first-class mail and CMRRR to the following non-CM/ECF participants:

/s/ H. Bradford Calvit
OF COUNSEL

12