**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

**MARIO ROSALES, ET AL**                    **CIVIL ACTION NO. 1:22-CV-5838**

**VERSUS**                                            **JUDGE TERRY A. DOUGHTY**

**JOHN LEWIS, ET AL**                        **MAGISTRATE JUDGE PEREZ-MONTES**

**MEMORANDUM IN OPPOSITION TO PLAINTIFFS'**
**MOTION FOR RECONSIDERATION OF STAY ORDER**

**NOW INTO COURT,** through undersigned counsel, come Defendants, the CITY OF ALEXANDRIA, CHIEF RONNEY HOWARD and SAMUEL TERRELL who respectfully submit the following opposition to the Plaintiffs' Motion for Reconsideration of Stay Order. (Doc. 39).

I.      BACKGROUND

On November 1, 2022, plaintiffs filed their Complaint against the City of Alexandria and its employees, Jim Lewis, Samuel Terrell and Chief Ronny Howard. (Doc. 1).

On or about August 4, 2023, defendant, Jim Lewis, was arrested for alleged Malfeasance in Office and Injury to Public Records. (Doc. 34-3).

On August 9, 2023, the plaintiffs propounded discovery on the City of Alexandria and Jim Lewis requesting records concerning the August 4, 2023 arrest of defendant Lewis. (Doc. 34-5).

On September 21, 2023, a Motion to Withdraw and Substitute Counsel was filed seeking to substitute the undersigned as counsel for the City of Alexandria, Chief Howard and Officer Terrell. (Doc. 33). This Motion was Granted on September 28, 2023.

1

On October 25, 2023, Defendant Lewis was formally charged, via Bill of Information, with Malfeasance in Office.  (Doc. 43-1).  Defendant is set to be arraigned on November 9, 2023. (Doc. 43-2).

Lewis has invoked the Fifth Amendment in response to Plaintiffs' discovery requests.  Lewis moved for a stay in this matter pending the conclusion of the state criminal prosecution.  (Doc. 34).  Lewis's Motion to Stay was granted on October 2, 2023.  (Doc. 36).

The City of Alexandria has not answered the discovery propounded by the plaintiff given the fact that this federal action is currently stayed, and the matter is still under criminal investigation and has not been finally adjudicated.

The plaintiffs have filed a Motion for Reconsideration of the Stay Order, and alternatively, argued to limit the stay to Lewis alone.  (Doc. 39).  The City of Alexandria, Chief Howard and Samuel Terrell oppose the plaintiffs' Motion for Reconsideration of the Stay Order.

II.    LAW AND ARGUMENT

So as not to belabor the court with redundancy, the City of Alexandria, Terrell and Howard adopt and incorporate by reference the arguments and case law cited by Lewis in his Memorandum in Opposition to Plaintiffs' Motion for Reconsideration of Stay Order.  (Doc. 43).

As the United States Supreme Court has stated, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 166, 81 L.Ed. 153, 158 (1936)

Notably, in an attempt to sway this court, the plaintiffs argue that since Lewis has not been indicted,[1] and the potential criminal charges do not arise out of the same events as this civil rights case, the stay should be lifted.  (Doc. 39-1 at p. 5 of 18).  However, in spite of this argument to the court, the plaintiffs are seeking discovery in this civil rights lawsuit regarding this very criminal matter related to Lewis[2] which plaintiffs claim do not arise out of same events.  (Doc. 34-5).  All the while, the plaintiffs argue to this court that "[t]here is no substantial overlap between the issues here and any potential criminal case against Defendant Lewis."  (Doc. 39-1 at p. 9 of 18).  Accordingly, the plaintiffs' arguments to this court and their actions in discovery towards the defendants[3] are flatly inconsistent.

Surely, if the plaintiffs are seeking discovery in this civil rights actions regarding this alleged criminal wrongdoing by Lewis,[4] the plaintiffs must believe it has bearing on this civil rights suit and there is overlap of the issues.

Indeed, the plaintiffs admit the discovery they seek "may support the Plaintiffs' claims that Defendants Lewis and Terrell were carrying out municipal policy to make up traffic infractions or other crimes to pull people over and investigate unrelated, more severe crimes, including crimes for which they lack reasonable suspicion."  (Doc. 39-1 at pp. 10-11).  Of course, this is evidence of Plaintiffs' belief of overlap between Defendant Lewis's criminal case and the instant 1983 action.

---

[1] Yet, Defendant Lewis has been charged by the District Attorney through a Bill of Information. La. C. Cr. P. art. 382.

[2] Doc. 34-5.

[3] Doc. 34-5.

[4] *Id.*

3

Moreover, lifting the stay could adversely impact not only Lewis, but also defendants, the City of Alexandria, Terrell and Chief Howard.  Thus, this matter must be stayed as to all parties pending resolution of the criminal case against Lewis.

The parties should not be burdened with this discovery in this civil rights suit, when the alleged criminal wrongdoing of Lewis has not even been finally adjudicated.  After all, a person is innocent until proven guilty.

Furthermore, the information plaintiffs seek is not even public record under Louisiana law at this current juncture.  *See* La. R.S. § 44:3(A)(1)("records pertaining to pending criminal litigation or any criminal litigation which can be reasonably anticipated" of "police departments" and "District Attorney files" are not public record "until such litigation has been finally adjudicated or otherwise settled").

Even the plaintiffs admit "because Defendant Lewis has not been indicted,[5] 'whether the issues will even overlap is a matter of mere speculation.'"  (Doc. 39-1 at p. 10 of 18).  Therefore, the stay should remain in effect.  *Cf. Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995).  ("The court may—indeed should—stay proceedings in the section 1983 case until the pending criminal case has run its course, *as until that time it may be difficult to determine the relation, if any, between the two*").  (Emphasis added).

The plaintiffs' arguments are counterintuitive and contradictory.  Surely, the plaintiffs believe these matters overlap given pending discovery requests to the City of Alexandria related to the criminal matter pertaining to defendant Lewis.  (Doc. 34-5).

---

[5] Yet, Defendant Lewis has been charged by the District Attorney through a Bill of Information. La. C. Cr. P. art. 382.

If this court were to lift the stay, it would adversely impact the defendants, City of Alexandria, Terrell, Chief Howard and Lewis.  Moreover, suggestions of alleged criminal behavior of a defendant, who has not even been convicted, elicited through the plaintiffs' discovery would cause prejudice to all defendants involved in this §1983 action, since the plaintiffs are pursuing, *inter alia,* municipal liability.

III.    CONCLUSION

The plaintiffs' discovery requests to the City of Alexandria and Lewis are quite telling.  (Doc. 34-5).  If the plaintiffs did not believe there was overlap between Lewis's arrest and the current §1983 action, then why are they seeking this information in their discovery requests?  Indeed, the plaintiffs' arguments in their Motion for Reconsideration of Stay Order are belied by their own discovery requests.

Accordingly, for the reasons outlined above, the stay should be maintained.

Respectfully submitted,


BY: *s/ Misty Shannon Antoon*
Misty Shannon Antoon, T.A. (#27079)
Misty@antoonlaw.com
342 West Shore Dr, Alexandria, LA 71303
318.792.3514

*Attorney for defendants, City of Alexandria, Chief Ronney Howard and Samuel Terrell*

5