## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## ALEXANDRIA DIVISION

| | |
|---|---|
| MARIO ROSALES and GRACIE LASYONE,<br><br>    *Plaintiffs*,<br><br>v.<br><br>JIM LEWIS and SAMUEL TERRELL, sued in their individual and official capacities; RONNEY HOWARD, sued in his official capacity; and the CITY OF ALEXANDRIA, LOUISIANA,<br><br>    *Defendants*. | Civil Case No. 1:22-cv-5838<br><br>Judge: Jerry Edwards, Jr.<br><br>Magistrate Judge: Joseph H. L. Perez-Montes |

## PLAINTIFFS' SUPPLEMENTAL BRIEF REGARDING MOTION FOR RECONSIDERATION OF STAY ORDER

Marie Miller*
IN Bar No. 34591-53

INSTITUTE FOR JUSTICE
3200 N. Central Ave. Ste. 2160
Phoenix, AZ 85012
(480) 557-8300
mmiller@ij.org

Patrick Jaicomo*
MI Bar No. P-75705

Anya Bidwell*
TX Bar No. 24101516

INSTITUTE FOR JUSTICE
901 N. Glebe Rd., Suite 900
Arlington, VA 22203
(703) 682-9320
pjaicomo@ij.org
abidwell@ij.org

*Admitted *pro hac vice*

*Lead Counsel for Plaintiffs*

Joseph P. Beck, III
Bar Roll No. 28312

LAW OFFICES OF JOE BECK
5529 Monroe Hwy.
Ball, LA 71405
Tel.: (318) 640-9202
Fax: (318) 640-9203
joe@joebecklaw.com

*Local Counsel for Plaintiffs*

To address Plaintiffs' pending Motion for Reconsideration of Stay Order, ECF 39, this Court ordered Plaintiffs to provide supplemental briefing, ECF 47. The Court specifically ordered an update on the status of Lewis's criminal prosecution; any change in Plaintiffs' position regarding the stay; and Plaintiffs' position regarding the Motion to Quash. *Id.* Plaintiffs submit this supplemental brief addressing each topic. But, in summary: (1) Lewis's criminal proceedings have made no substantial progress; (2) Plaintiffs maintain that the stay should be lifted; and (3) Plaintiffs maintain that the Motion to Quash is not moot and should be decided.

## 1.    Status of Lewis's Criminal Prosecution

Because Plaintiffs are not parties to the criminal prosecution, the most accurate, detailed, and up-to-date information about Lewis's prosecution may be in Lewis's possession. But our understanding is that the following has occurred in Lewis's criminal case since November 8, 2023, when Plaintiffs filed their reply brief supporting their Motion for Reconsideration of Stay Order, ECF 45[1]:

- On November 9, 2023, Lewis waived formal arraignment and entered a plea of not guilty. A pretrial conference was set for January 3, 2024.

- On January 3, 2024, Lewis moved for a continuance of the pretrial conference, and the court granted the motion, continuing the conference to May 8, 2024.

---

[1] We emailed Lewis's counsel on May 8, 2024, stating our understanding of the criminal case's status, so that Lewis's attorneys might correct any misinformation. Lewis's counsel has not responded or indicated whether this understanding is accurate.

- On May 8, 2024, the state and Lewis jointly moved for another continuance, and the court granted the motion, continuing the conference to August 14, 2024.

## 2.    Plaintiffs' position regarding the stay

Plaintiffs maintain the same position they asserted in their opening and reply briefs supporting their Motion for Reconsideration of Stay Order. See ECF 39, 45. In short, this Court should lift the stay because Lewis did not meet the stringent requirements for a stay. And even if the stay is not lifted entirely, the Court should modify it to allow discovery to proceed against the other Defendants and nonparties.

The developments in Lewis's criminal case—particularly the delays in the prosecution—only confirm that the stay should be lifted. The criminal charge remains the same and verifies that the prosecution does not arise from the traffic-stop incident underlying this civil case. It arises from an incident about nine months after the traffic stop at issue here and involved different conduct by Lewis—alleged stealing of a thing valued at more than $1,000 by fraud. So this is not a situation where "effective defense of both [the criminal and civil cases] is impossible." *Sec. & Exch. Comm'n v. Mueller*, No. 21-CV-00785-XR, 2022 WL 818678, at *2 (W.D. Tex. Mar. 17, 2022) (alteration in original).

The delays in the prosecution continue to increase the risk that evidence for this civil case—evidence that lies in the Defendants' possession—will be lost. Witnesses' memories continue to fade, and the chance that more documentary evidence will be lost continues to increase. Recall that the City already suffered a

ransomware attack that affected the retention of records by the Alexandria Police Department. ECF 39-1 at 12. And while this case has been stayed, counsel for the City apparently fell victim to a computer virus, generating a phishing email to various recipients, including Plaintiffs' counsel.[2]

If the stay remains in place, this Court should modify it to allow discovery against the other Defendants and nonparties. This case contrasts with others in which courts stayed proceedings against all defendants, because here the criminal and civil cases do not arise from the same underlying incident. *See, e.g.*, *Doe v. City of Austin*, No. 1:22-cv-00299-RP, 2022 WL 4234854 (W.D. Tex. Sept. 14, 2022); *Volter-Jones v. City of Austin*, No. 1:22-CV-00511-RP, 2023 WL 3910341 (W.D. Tex. June 8, 2023). Allowing Plaintiffs to complete a large portion of discovery against the other Defendants and nonparties furthers the public's and the Court's interests in marching toward resolution of this matter without substantially prejudicing anyone.

**3.      Plaintiffs' position regarding the Motion to Quash**

Plaintiffs maintain the same position they asserted in their response to the Motion to Quash. ECF 37. The current stay order does not moot the Motion to Quash. Although all proceedings concerning the Motion to Quash are currently stayed with the rest of this case, the motion still needs to be resolved at some point. The Court may resolve it now, denying the motion without prejudicing Officer Lewis, for whose benefit the stay was entered. Plaintiffs sought from the Louisiana Commission on Law Enforcement officer-training material that is relevant and tailored to Plaintiffs'

---

[2] At the very least, the Court should instruct all Defendants to diligently ensure that all potentially relevant information is retained and safeguarded.

civil claims. Specifically, Plaintiffs anticipate the training materials will bear on the policies and practices of the Alexandria Police Department concerning searches and seizures leading up to the traffic stop underlying this case, not Officer Lewis's allegedly criminal acts of malfeasance in office nine months later.

Dated: May 9, 2024.                              Respectfully submitted,

/s/ Joesph P. Beck, III                          /s/ Marie Miller
Joseph P. Beck, III                              Marie Miller*
Bar Roll No. 28312                               IN Bar No. 34591-53

LAW OFFICES OF JOE BECK                          INSTITUTE FOR JUSTICE
5529 Monroe Hwy.                                 3200 N. Central Ave. Ste. 2160
Ball, LA 71405                                   Phoenix, AZ 85012
Tel.: (318) 640-9202                             Tel.: (480) 557-8300
Fax: (318) 640-9203                              Fax: (480) 557-8305
joe@joebecklaw.com                               mmiller@ij.org

*Local Counsel for Plaintiffs*                   Patrick Jaicomo*
                                                 MI Bar No. P75705

                                                 Anya Bidwell*
                                                 TX Bar No. 24101516

                                                 INSTITUTE FOR JUSTICE
                                                 901 N. Glebe Rd., Suite 900
                                                 Arlington, VA 22203
                                                 Tel.: (703) 682-9320
                                                 Fax: (703) 682-9321
                                                 pjaicomo@ij.org
                                                 abidwell@ij.org

                                                 *Admitted *pro hac vice*

                                                 *Lead Counsel for Plaintiffs*