**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

MARIO ROSALES, ET AL                    CIVIL ACTION NO: 1:22-CV-5838

VERSUS                                  JUDGE TERRY A. DOUGHTY

JOHN LEWIS, ET AL                       MAGISTRATE JUDGE PEREZ-MONTES

**DEFENDANT'S SUPPLEMENTAL BRIEF REGARDING**
**OPPOSITION TO MOTION FOR RECONSIDERATION OF STAY ORDER**

**NOW INTO COURT**, through undersigned counsel, comes Defendant, JIM LEWIS, who respectfully submits the following in response, and opposition, to the Plaintiffs' Supplemental Brief Regarding Motion for Reconsideration of Stay Order [Doc. 48] pursuant to the Court's Memorandum Order. [Doc. 47].

As the Plaintiffs recited in their Supplemental Brief, the Court has requested an update on the status of this Defendant's criminal prosecution, any change in position regarding the stay, and the parties' positions on the pending Motion to Quash. The Plaintiffs have provided the requested briefing and Lewis responds to same here:

1.      **Status of Criminal Prosecution**

The Plaintiffs' recitation of the status of the criminal prosecution against Lewis is materially accurate, though the parties clearly disagree regarding the impact of said prosecution on the stay here. As shown in the attached Docket Report from "State of Louisiana v. Jim Odee Lewis", Criminal Docket No. 360,282, 9th Judicial District Court, Rapides Parish, Louisiana, Lewis most recently had a Pretrial Conference scheduled for May 8, 2024. (See Docket Report, attached hereto as Exhibit 1). On that date, the parties moved to continue that conference, and it has been rescheduled to August 14, 2024. Counsel for Lewis here has no additional material information

regarding the future of that prosecution.

### 2.        Defendant Lewis' Position Regarding the Stay

As Lewis argued in his Memorandum in Opposition to Plaintiffs' Unopposed Motion for Reconsideration of Stay Order [Doc. 43] (all arguments contained therein incorporated herein by reference) the current stay is appropriate and should not be lifted.  While the Plaintiffs argue that the criminal prosecution and their civil suit do not arise from the same incident, Lewis has never asserted that it has.  Instead, Lewis has always argued that the stay is necessary in order to avoid the dilemma presented to him if he is forced to defend both this action and the criminal prosecution simultaneously.  Note, for example, that Lewis' principle argument in his previous Opposition focused on the Plaintiffs' likely attempt to discover facts related to the criminal prosecution during discovery here.  Note also that the Plaintiffs have not denied this intention, or offered to stipulate to avoiding topics for which Lewis could plead his entitlement to protection under the Fifth Amendment. In fact, as highlighted previously by Lewis, the Plaintiffs initiated the necessary overlap of the criminal and civil matters by pursuing information about the criminal matter in discovery. That discovery is still at issue, and the only thing preventing it from moving forward is the stay. Accordingly, the risk to Lewis remains the same and the stay remains appropriate.

The Plaintiffs additionally argue that the delay in Lewis' criminal prosecution should inure to their benefit because the passage of time may lead to the loss of evidence.  They do not mention that the vast majority of the material evidence for their claims is contained in extant video of the encounter, as well as in the testimony of the parties.  They have provided nothing which explains why they might have forgotten the details of the traffic stop which forms the basis of their claims, especially in light of the existing video which shows the entirety (or nearly the entirety) of that

encounter.

Alternately, and as discussed in Lewis' previous filings, if the Court finds that a full stay of this matter is not appropriate, it should not fully lift the stay, and should allow it to continue to apply, *at the least*, to any discovery directed to Lewis. Though Lewis would not be able to participate in discovery directed to other parties or non-parties, the Plaintiffs advocating for a limited stay should have no objection to certain discovery being repeated by Lewis if the stay is partially lifted. To the extent that the Plaintiffs are unwilling to stipulate to such at this time, Lewis asserts that any limited lifting of the stay would impose the same discovery dilemma on him as a full lifting of the stay would, as it would again force him to chose between participating in the defense of this matter and the defense of the criminal charge against him. Accordingly, absent an agreement from the Plaintiffs that Lewis will have an opportunity to fully participate in discovery after that dilemma has been resolved, Lewis continues to object to even a partial lifting of the stay.

**3.      Motion to Quash**

Lewis has no position relative to the third party's Motion to Quash except to note that it is covered by the current stay. If the Court lifts the stay, either fully or in any limited way, Lewis' interest in the Motion to Quash will not change.

**Conclusion**

For the reasons more fully articulated in the incorporated Memorandum in Opposition to Plaintiffs' Unopposed Motion for Reconsideration of Stay Order [Doc. 43] the stay should not be lifted, either fully or partially, at this time. Though a small amount of time has passed since the issuance of the stay, the Plaintiffs' arguments in their Supplemental Brief that this requires the stay be lifted are unpersuasive. The stay remains necessary to protect Lewis in both the defense of this

matter and the criminal prosecution against him.

Respectfully Submitted:

**PROVOSTY, SADLER & deLAUNAY, APC**

By: /s/ H. Bradford Calvit
H. BRADFORD CALVIT (#18158)
bcalvit@provosty.com
P: 318-767-3133      F: 318/767-9588
JOHN D. RYLAND (#20355)
jryland@provosty.com
P: 318-767-3177      F: 318/767-9588
ELI J. MEAUX (#33981)
emeaux@provosty.com
P: 318-767-3118      F: 318/767-9588
934 Third Street, Suite 800 (71301)
P.O. Box 13530
Alexandria, LA 71315-3530
ATTORNEYS FOR DEFENDANT,
JIM LEWIS

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of May, 2024, I electronically filed the DEFENDANT'S SUPPLEMENTAL BRIEF REGARDING OPPOSITION TO MOTION FOR RECONSIDERATION OF STAY ORDER with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to the following:

| | |
|---|---|
| Joseph Pershing Beck , III<br>Law Offices of Joseph Beck<br>P O Box 6<br>Ball, LA 71405<br>318-640-9202   Fax: 318-640-9203<br>Email: joe@joebecklaw.com<br>*ATTORNEYS FOR PLAINTIFFS* | Misty S Antoon<br>Law Office of Misty S Antoon<br>600 W Shore Dr<br>Alexandria, LA 71303<br>318-792-3514<br>Email: misty@antoonlaw.com<br>*ATTORNEYS FOR DEFENDANTS, SAMUEL TERRELL, SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, RONNEY HOWARD SUED IN HIS OFFICIAL CAPACITY, CITY OF ALEXANDRIA* |
| Patrick M Jaicomo<br>Anna Bidwell<br>Institute for Justice<br>901 N Glebe Rd Ste 900<br>Arlington, VA 22203<br>703-682-9320<br>Email: pjaicomo@ij.org<br>Email: abidwell@ij.org<br>*PRO HAC VICE FOR PLAINTIFFS* | John C Nickelson<br>Nickelson Law<br>7591 Fern Ave Ste 1403<br>Shreveport, LA 71105<br>318-678-5786  Fax: 318-300-4762<br>Email: john.nickelson@nickelsonlaw.com<br>*ATTORNEYS FOR DEFENDANT, LOUISIANA COMMISSION ON LAW ENFORCEMENT* |
| Marie L Miller<br>Institute for Justice (AZ)<br>398 S Mill Ave Ste 301<br>Tempe, AZ 85281<br>480-557-8300<br>Email: mmiller@ij.org<br>*PRO HAC VICE FOR PLAINTIFFS* | Heidi Kemple Martin<br>Nickelson Law<br>7591 Fern Ave Ste 1403<br>Shreveport, LA 71105<br>318-678-5800  Fax: 318-300-4762<br>Email: heidi.martin@nickelsonlaw.com<br>*ATTORNEYS FOR DEFENDANT, LOUISIANA COMMISSION ON LAW ENFORCEMENT* |

I further certify that I have forwarded the foregoing document via facsimile and/or first-class mail and CMRRR to the following non-CM/ECF participants:

/s/ H. Bradford Calvit
OF COUNSEL

5