b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MARIO ROSALES, ET AL.,<br>Plaintiffs | CIVIL DOCKET NO. 1:22-CV-05838 |
| VERSUS | DISTRICT JUDGE EDWARDS |
| JIM LEWIS, ET AL.,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Plaintiffs Mario Rosales ("Rosales") and Gracie Lasyone ("Lasyone") filed a Motion for Reconsideration (ECF No. 39) of the Court's order staying this lawsuit roughly ten months ago (ECF No. 36). The request is effectively a Motion to Lift Stay, and will be reconstrued and considered as such.[1]

And because the stay has already been in effect for a considerable time, and all relevant factors weigh against maintaining a stay, Plaintiffs' reconstrued Motion to Lift Stay (ECF No. 39) is GRANTED, and the stay (ECF No. 36) is hereby LIFTED.

### I. Background

In November 2022, Plaintiffs Mario Rosales ("Rosales") and Gracie Lasyone

---

[1] No Federal Rule of Civil Procedure specifically applies to a motion to reconsider. *LaCaze Land Dev., LLC v. Deere & Co., Inc.*, No. 1:19-CV-01477, 2022 WL 885169, at *1 (W.D. La. Mar. 23, 2022) (citing *Cressionnie v. Hample*, 184 Fed. App'x. 366, 369 (5th Cir. 2006); *Shepard v. Int'l Paper Co.*, 372 F.3d 326, 328 (5th Cir. 2004)).

The City of Alexandria, Chief Howard, and Terrell also filed briefs arguing to maintain the stay. ECF Nos. 44, 51. Because they did not request a stay and the stay was not imposed for their benefit, their briefs must be given limited weight.

("Lasyone") filed a civil rights complaint pursuant 42 U.S.C. § 1983, asserting a claim for damages arising from a stop, interrogation, and frisk by two Alexandria Police Department ("APD") officers – Jim Lewis ("Lewis") and Samuel Terrell ("Terrell"). Lewis and Terrell are sued in their individual and official capacities. Also named as Defendants are APD Police Chief Howard in his official capacity, and the City of Alexandria.

The officers claimed to have stopped Plaintiffs for failure to signal a turn. Plaintiffs were in a red Mustang with a New Mexico license plate. The officers removed Plaintiffs from their vehicle, frisked them, interrogated them, gave them Miranda warnings, and checked their backgrounds. Plaintiffs were not permitted to access their phones to record the officers' activities. Finding no evidence of current or past illegal activity, the officers ticketed Plaintiffs and released them. Plaintiffs. Plaintiffs were detained for 21 minutes total.

Plaintiffs assert claims for monetary damages for alleged violations of the First and Fourth Amendments (ECF No. 1):

- unreasonable seizure in detaining Plaintiffs without having a reasonable suspicion of criminal activity;

- unreasonable seizure in expanding the traffic stop's duration and scope

2

    without reasonable suspicion;

- violation of their right to be free from unreasonable searches;

- violation of the right to record the police;

- promulgation of widespread unconstitutional policies or customs for unreasonable stops, seizures, and searches by Chief Howard and the City of Alexandria which were carried out by Terrell and Lewis; and

- promulgation of widespread unconstitutional policies or customs for prohibiting individuals from recording police activity during a traffic stop by Chief Howard and the City of Alexandria which were carried out by Terrell and Lewis.

Defendants have answered the Complaint (ECF No. 17). Lewis then filed a Motion to Stay (ECF No. 34) pending the outcome of formal charges brought against him on October 25, 2023 for malfeasance in office. Lewis asserted that allowing this matter to proceed placed an undue burden on him and would materially affect his constitutional rights under the Fifth Amendment in his criminal case. ECF No. 34. The Court granted the stay. ECF No. 36.

Plaintiffs then filed the Motion for Reconsideration. ECF No. 39. The parties were ordered to supplement their briefs to show the status of Lewis's criminal proceedings, and have done so.

3

## II. Law and Analysis

Plaintiffs contend Lewis has not satisfied the requirements for a stay. Specifically, Plaintiffs assert the stay is unnecessary because there is not a substantial overlap between this civil case and Lewis's criminal case. ECF No. 39-1. A stay has now been in effect in this case for ten months.

---

There is "no general federal constitutional, statutory, or common law rule" barring simultaneous civil and criminal proceedings, but courts may stay civil proceedings in cases with "special circumstances and the need to avoid substantial and irreparable prejudice." *Bean v. Alcorta*, 220 F. Supp. 3d 772, 775 (W.D. Tex. 2016); *see also Lee v. Ackal*, 2016 WL 1690319, at *1 (W.D. La. 2016) (quoting *United States v. Kordel*, 397 U.S. 1, 11 (1970) ("There is no general federal constitutional, statutory, or common law rule barring the simultaneous prosecution of separate civil and criminal actions by different federal agencies against the same defendant involving the same transactions "). "[A]lthough '[t]he simultaneous prosecution of civil and criminal actions is generally unobjectionable,' a stay of a pending civil action may be appropriate 'when there is a real and appreciable risk of self-incrimination.'" *See Modern American Recycling Services, Inc.*, 2012 WL 1357720, at *2 (citing *First Financial Group of Texas, Inc.,* 659 F.2d at 667, and *Brumfield v. Shelton,* 727 F. Supp. 282, 284 (E.D. La. 1989)).

"The granting of a stay of civil proceedings due to pending criminal

investigation is an extraordinary remedy, not to be granted lightly." *Lee*, 2016 WL 1690319, at *1 (citing *United States v. Simcho*, 326 Fed. Appx. 791, 792-793 (5th Cir. 2009) (stay denied where defendant "failed to delineate how the civil cases's conclusion could affect his criminal case")). However, "a district court may stay a civil proceeding during the pendency of a parallel criminal proceeding." "*Lee*, 2016 WL 1690319, at *1 (citing *United States v. Little Al*, 712 F.2d 133, 136 (5th Cir. 1983)); *see also Brown v. Kenner Police Department*, 2017 WL 5157563, at *1 (E.D. La. 2017).[2] "[T]he Fifth Circuit has determined that such a stay may be warranted only where 'special circumstances' exist such that a party would suffer substantial and irreparable prejudice otherwise." *Modern American Recycling Services, Inc. v. Dunavant*, 2012 WL 1357720, at *2 (E.D. La. 2012) (citing *Securities and Exchange Commission v. First Financial Group of Texas, Inc.*, 659 F.2d 660, 668 (5th Cir. 1981). "Therefore, 'the mere possibility of prejudice' to the criminal defendant arising from discovery in the civil case does not necessarily warrant a stay. The burden to show that a stay is warranted rests on the movant."). *Modern American Recycling Services, Inc*, 2012 WL 1357720, at *2 (citing *In re Ramu Corp.*, 903 F.2d 312, 320 (5th Cir. 1990)).

In determining whether issues in civil and criminal cases are related, courts

---

[2] Although the Court has "general discretionary power to stay proceedings before it in the control of its docket and in the interests of justice," a stay may not be "immoderate or of an indefinite duration." *Brown,* 2017 WL 5157563, at *1 (citing *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982)).

impose a "common-sense, fact-bound analysis." See *Modern American Recycling Services, Inc.*, 2012 WL 1357720, at *2. "Courts within the Fifth Circuit[3] have looked to six factors to determine whether the civil action should be stayed: "(1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously, weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest." *Lee*, 2016 WL 1690319, at *2 (citing *Alcala v. Texas Webb County*, 625 F. Supp. 2d 391, 399 (S.D. Tex. 2009)); *see also Modern American Recycling Services, Inc.,* 2012 WL 1357720, at *2.

    1. <u>**The extent to which the cases overlap.**</u>

"The most important threshold issue in determining whether to grant a stay is the extent of overlap between the civil and criminal actions." *Brown,* 2017 WL 5157563, at *2 (citing *Dominguez v. Hartford Financial Services Group, Inc.*, 530 F. Supp. 2d 902, 906-07 (S.D. Tex. 2008)); *see also Community Loan Servicing, L.L.C. v. Moreno*, 2021 WL 3721456, at *3 (N.D. Tex. 2021) (where the plaintiff was being investigated for forgery of an insurance check at the same time she was sued by her

---

[3] "When the criminal investigation or prosecution parallels the ongoing civil action, the Fifth Circuit, using a balancing approach, has determined the appropriate remedy is a stay of discovery that might expose the party to a risk of self-incrimination." *Brumfield*, 727 F. Supp. at 284 (citing *Wehling v. Columbia Broadcasting System*, 608 F.2d 1084 (5th Cir. 1979)).

mortgage company, the court ordered a 60-day stay of the civil case); *Slack v. City of San Antonio, Texas*, 2019 WL 11097069, at *2 (W.D. Tex. 2019); *Lee*, 2016 WL 1690319, at *2. The two cases need not be "perfectly parallel." *Oliva v. United States*, 2019 WL 2572554, at *2 (W.D. Tex. 2019).

"Where there is significant overlap, self-incrimination is more likely and thus weighs in favor of a stay. On the other hand, if there is no overlap, there would be no danger of self-incrimination and accordingly no need for a stay." *Bean*, 220 F. Supp. 3d at 776; *see also Doe v. City of Austin*, 2022 WL 4234954, at *4 (W.D. Tex. 2022) (stay was granted where Defendant's sexual assault of Plaintiff was the underlying incident for both the civil suit and the criminal charges). "[G]ood cause requires more than the mere possibility of prejudice." *In re Ramu Corp.*, 903 F.2d at 320.

Lewis concedes the civil and criminal cases are unrelated. He is not facing potential criminal liability for the actions at issue in this case. Instead, he is accused of committing a dissimilar crime nine months after the events in this case.

Because these cases do not overlap, this factor weighs heavily against a stay.

    2. <u>The status of the criminal case.</u>

Lewis has been formally charged with malfeasance in office, and has been arraigned. ECF No. 39, Exs. Since then, Lewis has requested and received two continuances, effectively delaying both his criminal proceedings and this action. ECF No. 39, Exs.

Because Lewis's criminal case is unrelated to the facts underlying this lawsuit, and according to the present record, has not progressed to a point at which any significant conflicts are otherwise likely, this factor militates heavily against a continued stay.

### 3.   The private interests of the Plaintiffs.

Plaintiffs contends their efforts at discovery have been stalled – first by Defendants' failure to meet discovery deadlines, and later by the stay of this case. Plaintiffs are concerned about preservation of the audio and video evidence. Plaintiffs also contend, correctly, that the unrelated criminal proceeding against Lewis is not a reason to further delay discovery with the other Defendants.

Accordingly, this factor disfavors a stay.

### 4.   Lewis's private interests.

"A defendant facing simultaneous civil and criminal proceedings may be burdened by the choice between invoking his Fifth Amendment rights and jeopardizing his defense in the civil suit, where an adverse inference may be drawn from the defendant's silence." *Wright v. Garcia*, 2023 WL 8813567, at *3 (W.D. Tex. 2023) (citing *Brown*, 2017 WL 5157563, at *2). "A defendant also has an interest in staying a civil trial to avoid exposing possible criminal defense strategies to the prosecution." *Wright*, 2023 WL 8813567, at *3 (citing *Alcala*, 625 F. Supp. 2d at 397).

Again, Lewis's criminal case and this civil case do not arise from the same set of underlying facts.  Except for the presence of Lewis in both cases, there is no overlap

8

between them. And Lewis has not otherwise alleged or shown how the continuation of this civil case could affect his criminal case.

Instead, Lewis shows that Plaintiffs have sought information about his arrest and criminal proceeding through discovery in this case. ECF No. 34-5. Lewis may object to specific discovery requests, assert his Fifth Amendment rights, or ask for a more tailored protective order, as necessary and appropriate. But a continued blanket stay is not necessary to protect Lewis's interests in his criminal case.

### 5. The interests of the Court and the public.

"A court can consider its interest in efficient administration and judicial economy." *Oliva*, 2019 WL 2572554, at #3. Here, the Court's interests favor lifting the stay. Maintenance of the stay will, of course, delay these proceedings, but as a natural corollary, could also create more litigation difficulties in the discovery process, motion practice, and even at a future trial. Meanwhile, given the lack of overlap between this case and Lewis's criminal case, there is a very limited risk that prosecution of this case will create litigation difficulties – i.e. necessitate motion practice regarding Lewis's Fifth Amendment Rights.

### 6. The public's interests.

Likewise, the public has an interest in the prompt resolution of civil cases." *Oliva*, 2019 WL 2572554, at *3. For the reasons stated above, the public's interest would also not be served by a continued stay of this litigation.

III. <u>ORDER</u>

Accordingly; IT IS ORDERED that Plaintiffs' Motion for Reconsideration (ECF No. 39) is GRANTED.  IT IS FURTHER ORDERED that the stay of this case (ECF No. 36) is hereby LIFTED.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 19th day of August 2024.

                                                    _____
                                                    Joseph H.L. Perez-Montes
                                                    United States Magistrate Judge