b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MARIO ROSALES, ET AL., Plaintiffs | CIVIL DOCKET NO. 1:22-CV-05838 |
| VERSUS | DISTRICT JUDGE EDWARDS |
| JIM LEWIS, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

### MEMORANDUM ORDER

Defendant Louisiana Commission on Law Enforcement ("LCLE") filed a Motion to Quash Subpoena Duces Tecum or for Protective Order. ECF No. 30.

Because LCLE has not carried its burden of proof, its Motion (ECF No. 30) is hereby DENIED, but the Subpoena is MODIFIED as set forth below.

### I. Background

In November 2022, Plaintiffs Mario Rosales ("Rosales") and Gracie Lasyone ("Lasyone") filed a civil rights complaint pursuant 42 U.S.C. § 1983, asserting a claim for damages arising from a stop, interrogation, and frisk by two Alexandria Police Department ("APD") officers – Jim Lewis ("Lewis") and Samuel Terrell ("Terrell"). Lewis and Terrell are sued in their individual and official capacities. Also named as Defendants are APD Police Chief Howard in his official capacity, and the City of Alexandria.

The officers claimed to have stopped Plaintiffs for failure to signal a turn. Plaintiffs were in a red Mustang with a New Mexico license plate. The officers

removed Plaintiffs from their vehicle, frisked them, interrogated them, gave them *Miranda* warnings, and checked their backgrounds. Plaintiffs were not permitted to access their phones to record the officers' activities. Finding no evidence of current or past illegal activity, the officers ticketed Plaintiffs and released them. Plaintiffs. Plaintiffs were detained for 21 minutes total.

Plaintiffs assert claims for monetary damages for alleged violations of the First and Fourth Amendments (ECF No. 1):

- unreasonable seizure in detaining Plaintiffs without having a reasonable suspicion of criminal activity;

- unreasonable seizure in expanding the traffic stop's duration and scope without reasonable suspicion;

- violation of their right to be free from unreasonable searches;

- violation of the right to record the police;

- promulgation of widespread unconstitutional policies or customs for unreasonable stops, seizures, and searches by Chief Howard and the City of Alexandria which were carried out by Terrell and Lewis; and

- promulgation of widespread unconstitutional policies or customs for prohibiting individuals from recording police activity during a traffic stop by Chief Howard and the City of Alexandria which were carried out by Terrell and Lewis.

Defendants have answered the Complaint (ECF No. 17). A third party, the Louisiana Commission on Law Enforcement ("LCLE"), filed a Motion to Quash *Subpoena Duces Tecum.* ECF No. 30. Plaintiffs oppose that motion. ECF No. 37.

Defendant Jim Lewis then filed a Motion to Stay (ECF No. 34) pending the outcome of his arrest on August 4, 2023, and formal charges brought against him on October 25, 2023, for malfeasance in office. The Court granted the stay and Plaintiffs filed a Motion for Reconsideration. ECF No. 39.

II. <u>Law and Analysis</u>

The LCLE filed a Motion to Quash a *subpoena duces tecum.* Plaintiffs issued a subpoena to LCLE for "all instructional materials sued to train Alexandria Police Officers or Alexandria Police Trainees on the topics of traffic stops, the use of traffic stops to investigate other crimes, the use of dashboard and body-worn cameras, and the use of other recording devices by officers or others during a traffic stop." ECF No. 30-2. LCLE has moved to quash the entire subpoena, arguing the subpoena imposes "an undue burden on the LCLE and the thousands of law enforcement officers it serves; would require disclosure of protected matters; would require production of information irrelevant to any party's claim or defense; and would require production of information not proportional to the needs of the case." ECF No. 30-1 at 2. LCLE asks the Court to quash the subpoena or, in the alternative, to enter a protective order requiring *in camera* inspection of any information produced, as well as a protective order allowing only counsel of record to access or review the information.

To have standing to challenge a subpoena, a third party must either have "possession of the materials subpoenaed" or a "personal right or privilege with respect to the materials subpoenaed." *Jez v. Dow Chemical Co.*, 402 F. Supp. 2d 783, 784–85

3

(S.D. Tex. 2005) (quoting *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979)); *see also Blanchard v. Circle K Stores, Inc.*, 2021 WL 4255407, at * 1 (W.D. La. 2021). LCLE does not assert that it does not possesses the materials requested.

"Discovery from a third party as permitted through a subpoena issued under Rule 45 is subject to the same general limitations on discovery set forth in Rule 26." *Hoeflein v. Crescent Drilling & Production, Inc.*, 2020 WL 2527939, at *2 (W.D. Tex. 2020). "Rule 26 requires that discovery be both 'relevant to any party's claim or defense and proportional to the needs of the case.' Fed. R. Civ. P. 26(b)(1)." *Id.*

"Under Federal Rule of Civil Procedure 45, a court may quash or modify a subpoena if it (1) fails to allow a reasonable time for compliance; (2) requires a person who is not a party to travel more than 100 miles from where the person resides; (3) requires disclosure of privileged or protected matter; or (4) subjects a person to undue burden." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 817–18 (5th Cir. 2004); *see also Texas Keystone, Inc. v. Prime Natural Resources, Inc.*, 694 F.3d 548, 554 (5th Cir. 2012). "The moving party has the burden of proof to demonstrate that compliance with the subpoena would be unreasonable and oppressive." *Wiwa*, 392 F.3d at 818. "Whether a burdensome subpoena is reasonable must be determined according to the facts of the case, such as the party's need for the documents and the nature and importance of the litigation." *Id.*

More specifically, "[t]o determine whether the subpoena presents an undue burden, [the Court] consider[s] the following factors: (1) relevance of the information

4

requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed." *Wiwa*, 392 F.3d at 818. "Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party. A court may find that a subpoena presents an undue burden when the subpoena is facially overbroad." *Id.* "Generally, modification of a subpoena is preferable to quashing it outright." *Id.* "Moreover, where a subpoena requests information from a nonparty, as it does here, the court must be sensitive to the nonparty's compliance costs." *Leonard v. Martin*, 38 F.4th 481, 489 (5th Cir. 2022) (citing *Wiwa*, 392 F.3d at 818).

LCLE contends it would be an "undue burden" to produce the materials, but offers no detailed explanation. LCLE simply states that production "would impose an undue burden on the LCLE and the thousands of law enforcement officers it serves." That argument does not show that production would be burdensome – expensive, voluminous, or time-consuming, for example – or that the request is overbroad. Plaintiffs' Request for Production appears to be tailored to the First and Fourth Amendment issues raised in their case.

LCLE also contends that production would "require disclosure of protected matters" (ECF No. 30-1 at *2), but does not assert specifically what matters are protected or otherwise claim a privilege. Instead, LCLE attempts to claim potential

5

injury to other third parties by contending the "requested information is highly confidential and highly sensitive, and its dissemination could impair criminal investigations and threatened the safety of enforcement officers throughout the state." ECF No. 30-1 at *1. LCLE does not specifically assert the nature of the "confidential" and "sensitive" information, or show how LCLE *itself* would be injured by production of the materials. LCLE does not have standing to assert the rights of other (unnamed) third parties.

LCLE further contends that production would require "production of information irrelevant to any party's claim or defense" and "not proportional to the needs of the case." ECF NO. 30-1 at *2. Again, though, LCLE is not specific. In *Castro,* 2021 WL 2075683 at *3, a similar motion to quash was made by defendants as to training materials for law enforcement officers, claiming the training materials were not relevant and proportional to the needs of the case. The court stated the training materials may ultimately not admissible at trial, but rejected the argument that the training materials were not discoverable and were disproportionate to the Fourth Amendment issues raised in the lawsuit. *See Castro,* 2021 WL 2075683, at *3. Pursuant to Fed. R. Civ. P. 26(b), the court found that the specific guidance the defendants may have received about how to conduct themselves in such situations, and whether the conduct of defendants departed from the standards set forth in the training materials, was relevant to plaintiff's allegations and proportional to the

6

needs of the case. *See Castro,* 2021 WL 2075683, at *3.[1] LCLE has not shown the training materials are irrelevant or disproportionate to the First and Fourth Amendment issues raised by Plaintiffs. However, the request for production is overly broad because it contained no temporal limitation. ECF No. 30-2. Because the incident took place in 2022, the subpoena will be modified to limit the time frame to training materials used for the ten year period from 2013 through 2022. *Compare Castro,* 2021 WL 2075683, at *3.

LCLE also requests a protective order, again asserting that the materials are "confidential" and "sensitive." LCLE has not alleged or shown that its training materials are either privileged or proprietary. And yet the materials are for training current and future law enforcement officers. Assuming that the materials are actually disseminated to the persons undergoing the training, LCLE may in fact have little control over their dissemination. Without further explanation, the Court cannot presume a need for a protective order. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (holding responses to production requests must show specifically how each request is not relevant or is overly broad, burdensome, or oppressive) (citing *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (5th

---

[1] *See also Moore v. Garnand,* 2024 WL 2271890, at * 3 (D. Az. 2024) ("Training materials and regulations are . . . relevant, although not dispositive, to determining whether reasonable officers would have been on notice that their conduct was unreasonable.") (quoting *Vasquez v. County of Kern,* 949 F.3d 1153, 1164 (9th Cir. 2020); *Cessante v. City of Pontiac,* 2009 WL 973339, at *7 (E.D. Mich. 2009) ("[T]raining materials are relevant or reasonably calculated to lead to the discovery of admissible evidence related to the claims against Defendant City in this matter.").

Cir. 1982)); *Contreras v. Ferguson Enterprises, Inc.*, 2017 WL 7796196, at *2 (S.D. Tex. 2017) ("[T]he parties do not articulate any specific facts which explain why the protective order should be granted, and thus fail to carry their Rule 26 burden.").

III. <u>ORDER</u>

Accordingly, IT IS ORDERED that LCLE's Motion to Quash or for Protective Order (ECF No. 30) is DENIED. LCLE is ORDERED to comply with Plaintiffs' *subpoena duces tecum* **within 30 days of the date of this Order** and produce the requested training materials, limited to those training materials used by LCLE from 2013 through 2022.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this <u>19th</u> day of August 2024.

Joseph H.L. Perez-Montes
United States Magistrate Judge