UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

MARIO ROSALES ET AL.                    CIVIL ACTION NO. 1:22-CV-5838

VERSUS                                  JUDGE EDWARDS

JIM LEWIS ET AL.                        MAGISTRATE JUDGE PEREZ-MONTES

## MEMORANDUM IN SUPPORT OF MOTION TO VACATE ORDER ON GROUNDS OF SOVEREIGN IMMUNITY

MAY IT PLEASE THE COURT:

Plaintiffs Mario Rosales and Gracie Lasyone issued a subpoena duces tecum directed to the Training Manager of the Louisiana Commission on Law Enforcement and Administration of Criminal Justice (the "LCLE") on August 14, 2023. The LCLE moved to quash the subpoena, and the Court issued a briefing schedule for the motion. On October 2, 2023, the Court stayed the case at the request of defendant Jim Lewis, and on August 19, 2024, the Court lifted the stay in response to a motion for reconsideration filed by the plaintiffs. The same day, the Court issued its order denying the LCLE's motion to quash and ordering production of confidential, non-public training materials used to train peace officers throughout the State of Louisiana without the benefit of a protective order or *in camera* inspection. For the reasons set forth in this memorandum, the LCLE enjoys sovereign immunity, and the Court's order requiring production of its confidential law enforcement training materials must be vacated.

-1-

**I.    Sovereign immunity bars the enforcement of federal subpoenas directed to states and state officials.**

"The doctrine of state sovereign immunity recognizes the 'residua[l] and inviolable sovereignty' retained by the states in the Constitution's wake." *Russell v. Jones*, 49 F.4th 507, 512 (5th Cir. 2022) (quoting *Alden v. Maine*, 527 U.S. 706, 715 (1999)). "This principle, partially embodied in the Eleventh Amendment, is commonly distilled to the proposition that individuals may not sue a state—either in its own courts, courts of other states, or federal courts—without the state's consent." *Id.* But in *Russell v. Jones*, the United States Court of Appeals for the Fifth Circuit held that sovereign immunity extends beyond suits naming states as defendants and bars third-party subpoenas directed to states and state officials: "[S]overeign immunity bars the subpoenas. True, states-as-defendants are the usual recipients of state sovereign immunity. But sovereign immunity respects a broader berth." *Id.* at 513. "[T]he indignity that sovereign immunity was designed to prevent may arise *either* when the state is a defendant *or* when its sovereign prerogatives are subjected to individuals through coercive judicial process." *Id.* at 514 (emphasis in original); *see also In re Paxton*, 60 F.4th 252, 256 (5th Cir. 2023); *Thompson v. Richter*, No. 7:22-cv-00014-O, 2023 WL 7986341, at *2 (N.D. Tex. Nov. 17, 2023) (holding that compelling the Texas Department of Public Safety's "compliance with third-party subpoenas violates sovereign immunity"); *United States v. Planned Parenthood Federation of America*, No. 2:21-cv-022-Z, 2022 WL 21758612, at *3 (N.D. Tex. Dec. 6, 2022) (holding that sovereign immunity bars third-party subpoenas directed to the Louisiana Department of Health).

**II.    The LCLE is an executive branch agency of the State of Louisiana, and sovereign immunity therefore bars enforcement of the plaintiffs' subpoena duces tecum.**

The Louisiana Commission on Law Enforcement and Administration of Criminal Justice is an executive branch agency of the State of Louisiana which receives state and federal funds and is charged with a myriad of statewide functions relating to law enforcement and the administration of criminal justice. *See* La. R.S. 15:1204.1 (defining the duties of the LCLE as an agency of the State of Louisiana); La. R.S. 36:4(B) (providing that the LCLE and its "powers, duties, functions, and responsibilities" are transferred to the office of the governor). It is comprised of fifty-nine members, including the chief justice of the Louisiana Supreme Court or his designee; the chief judge of each of the courts of appeal; the chairman of the Senate Committee on the Judiciary C or his designee; the chairman of the House Committee on the Administration of Criminal Justice or his designee; the secretary of the Department of Public Safety and Corrections or his designee; the state public defender; the presidents of numerous statewide organizations; and appointees of the governor subject to confirmation by the Senate. *See* La. R.S. 15:1202. Because the State of Louisiana has not waived its sovereign immunity, the LCLE, as an executive branch agency within the office of the governor, is entitled to sovereign immunity. *See* La. R.S. 13:5106 ("No suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court."); *cf. Hall v. Texas Commission on Law Enforcement*, 685 F. App'x 337, 340 (5th Cir. 2017) (per curiam) ("The [Texas Commission on Law Enforcement is a state agency. As

such, it is entitled to sovereign immunity to the same extent as the state itself.").

## <u>CONCLUSION</u>

For the reasons set forth above, the Louisiana Commission on Law Enforcement and Administration of Criminal Justice has sovereign immunity, and the Court's order requiring the production of confidential law enforcement training materials without the benefit of a protective order or *in camera* inspection must be vacated.

Respectfully submitted,

**NICKELSON LAW PLLC**

*/s/ John C. Nickelson*

John C. Nickelson #32214
Heidi Kemple Martin #35861
7591 Fern Avenue, Suite 1403
Shreveport, LA 71105
Telephone: (318) 678-5786
Facsimile: (318) 300-4762
john.nickelson@nickelsonlaw.com
heidi.martin@nickelsonlaw.com

ATTORNEYS FOR THE LOUISIANA COMMISSION ON LAW ENFORCEMENT